### ABLE and ISBELL v. SHIELDS, and others

1. The assignment of a note or bond may be made on a piece of paper separate from that on which the note or bond is written.
2. Whenever the credit of a witness is to be impeached by proof of any thing he has said, or declared, or done in relation to the cause, he is first to be asked, upon cross-examination, whether he has said, or declared, or done that which is intended to be proved.
3. When a conditional assignment of a note is made, the law does not impose upon the maker the burden of ascertaining whether the condition has been performed, and the title of the assignee consequently extinguished.

### *Hayden for Plaintiffs.*

1st. That the court below erred in overruling the motion of defendants to suppress the deposition of Duncan, as also in permitting the plaintiffs to read the same to the jury.

2d. The court erred in permitting the plaintiffs to read to the jury the deed of assignment.

3d. The court erred in refusing to permit defendants to

prove the facts by the witness, Arbuckle, which they propo- sed to prove by him.

4th. The court erred in refusing to permit the defendants to prove that the deponent, Frederick Duncan, made contradictory statements in relation to facts about which he deposed as a witness at a different time.

5th. The court erred in overruling the motion for a new trial.

### Winston for Defendants.

1st. The court committed no error in overruling the motion to suppress the deposition, because the deposition was properly taken. See Rev. Code, 220.

2d. The court did right in permitting the deed of assignment to be given in evidence : the law does not require the assignment of promissory notes, not negotiable, to be written on the notes themselves. Rev. Stat. 104; 2 Bibb's Reports, 83; 3 Monroe, 46.

3d. There was no error in rejecting Arbuckle's testimony; because he was interested in the event of the suit.— Peak's Evidence, 180.

4th. The court committed no error in permitting the promissory notes of Shannon and Arbuckle to the plaintiffs, to be read in evidence, as rebutting evidence.

5th. The court committed no error in suffering the deposition to be read on the trial. See 4 Mo. R. 118.

6th. There was no error in refusing to permit evidence of Duncan's making statements contradictory of what he had made in his deposition, because he was not examined as to those statements at the time his deposition was taken. See 1 Starkie, 145, 182.

7th. The court did right in not arresting the judgment, because the declaration was substantially good.

### Opinion of the Court by Napton, Judge.

The appellees, Shields and others, brought an action of debt against Isbell and Able, as assignees of a note given by

12

AUGUST TERM,
1841.

Able and Is-
bell v.
Shields and
others.

defendants to Shannon and Arbuckle, for the payment of $316 62½. The defendants pleaded non assignment, a re-delivery of the note sued on, *nil debet*, and set-off. Upon which several pleas issues were taken and a trial had. At the trial term, the defendants moved to suppress the deposition of one Duncan, upon the ground of want of notice to plaintiffs, and the want of proof that the witness came within any of the provisions of the law authorising such depositions to be read on certain contingencies. There was proof of service upon defendant's wife in due time, but no evidence to show at what distance the defendants lived from the place of trial. The motion to suppress was overruled.

The plaintiffs on the trial, after reading the note in evidence, read a deed of assignment from Shannon & Arbuckle, which is substantially as follows: The deed declared that the makers, in consideration of the sum of two thousand dollars paid by plaintiffs, transferred, assigned, and delivered to the plaintiffs certain notes, (reciting therein, among others, the note sued on,) and authorised and empowered the said plaintiffs to use their, the assignee's names, in suing for and collecting the same, but upon condition, that if said Arbuckle and Shannon should in a reasonable time give good and sufficient security for the payment of the several demands owing to the plaintiffs, (assignees) then the said Shannon and Arbuckle were to be released from all demands by said plaintiffs, and the notes, &c., to be delivered up to said assignees. This deed was signed and sealed by the assignees.

The defendants then introduced several witnesses, whose testimony conduced to show that the condition of the deed of assignment had been complied with, and the notes given up. Among others, defendants offered Arbuckle, one of the assignors, to prove that the condition had been complied with, but objections being urged to his competency, he was excluded by the court.

To rebut the testimony on this head, the plaintiffs offered to read the deposition of Duncan, but the defendants objected, because no reason had been given why the witness was not personally present. The court, however, overruled the

objection and allowed the deposition to be read. The plain-
tiffs also read two promissory notes executed by Shannon &
Arbuckle to Shields & Hickerson, for the payment of more
than $1000, bearing date previous to said assignment, and
still in the hands of Shields & Hickerson unpaid, which tes-
timony was objected to, but objections overruled.  The de-
fendants then introduced a witness, by whom he proposed
to show that Duncan, the deponent, whose testimony had
been read to the jury, had shortly after the occurrence about
which he testified, given a very different and contradictory
account from that given in his deposition.  The court refus-
ed to let the witness testify, because Duncan had not been
interrogated when making his deposition, whether he had
made any such contradictory statements.

To all the opinions of the court, exceptions were duly ta-
ken.  A verdict was given for plaintiffs, and a motion for a
new trial was made and overruled.

The most material question to be decided in this case arises
on the proper construction of this assignment.  Our act
makes the assignee the legal owner of the bond or notes.
That assignments may be made on a piece of paper separate
from that on which the note or bond is written appears to
be settled in Kentucky, where statutes on this subject are
similar to our own.  Justone v. Williamson, 2 Bibb, 83.
The decision of the Kentucky court, on statutes from
which our own are copied, may be safely followed, unless
great inconvenience appears likely to arise.  I see no
reason why several bonds and notes may not be assigned
by one instrument, and the same legal operation must
be given to the instrument, as though a single bond only
were assigned.  The fact, that this was a conditional assign-
ment, does not vary the legal ownership; until the condition
is performed, the assignee is clearly the legal owner.

The deposition of Duncan was improperly admitted.  No
reason was shown to the circuit court, to bring him within
any of the contingencies of the statute, which would author-
ise his deposition to be read.  The substance of that depo-
sition was, that he was a collector for plaintiffs, called on de-
fendants for the money due on this note, received a portion,
and was promised the balance.

AUGUST TERM, 1841.

Able and Isbell v. Shields and others.

The object of this deposition was to rebut the testimony adduced by defendants in support of their second plea, that the notes were delivered up. The testimony was material to this issue, and the circuit court committed error in my opinion on this point.

Neither do I think the issue itself immaterial. The cancellation of the instrument of assignment and the redelivery of the notes would be the best evidence that the conditions had been complied with, and the legal ownership transferred to the assignees. But a compliance with the conditions of the instrument on the part of the assignors, and a delivery of the notes and bonds assigned to them, would ipso facto effect a nullification of this instrument, without any formal reassignment. Such formal conveyances are not, I believe, now deemed necessary even in cases of extinguished mortgages, much less would I hold it necessary in a case like the present.

Whenever the credit of a witness is to be impeached by proof of any thing he has said, or declared, or done, in relation to the cause, he is first to be asked, upon cross examination, whether he has said, or declared, or done, that which is intended to be proved.

The witness, Arbuckle, was clearly incompetent, the object of his testimony being to show title out of the plaintiffs and in himself. Bayard's Peake, 180. Nor had the defendants any right to contradict the deposition of Duncan, by proving contradictory statements, without first having called his attention to such statements. 3 Stark. Ev. 183.

The introduction of the two notes in evidence which showed an indebtedness on the part of the assignors to two of the plaintiffs, appears to me irrelevant; and because the conditions upon which the deed was to be void were not a liquidation of their debts, but giving good and ample security.

Because the court admitted improper testimony on a material point in issue, I am of opinion the judgment should be reversed.

### Scott, Judge.

Whether the deposition of the witness was properly or improperly admitted, is a question I deem unnecessary to determine, as it contained evidence relative to an issue-immaterial and extrinsic to the merits of the cause. When a conditional assignment of a note is made, the law does not

When a conditional as-

impose on the maker the burden of ascertaining whether the condition has been performed, and the title of the assignee consequently extinguished.

If the maker pays the assignee, although the title of the assignee may have been defeated by the performance of the condition, yet he is indemnified, and the assignor cannot complain, as he had no right to require the maker at his peril to learn whether the assignee's title to the instrument has been extinguished. If then he is not bound to make this inquiry, and he is indemnified in the payment, he cannot set up at law the defence that the assignees' title had failed. Moreover to enable the assignee of a promissory note to maintain an action in his own name the assignment must be shown to have been in writing; by the assignment the payee passed the legal title to the assignee, and although the extinguishment of that title by the performance of the condition on which it was made, may equitably entitle the assignor to the note, yet unless there is an actual reassignment, there is no evidence that he is the legal owner of the note. In all other parts of judge Napton's opinion except that in relation to the relevancy of the evidence concerning the two notes, I concur.

AUGUST TERM, 1841.

Able and Isbell v. Shields and others.

signment of a note is made, the law does not impose upon the maker the burden of ascertaining whether the condition has been performed, and the title of the assignee consequently extinguished.

### Tompkins, Judge.

I concur in judge Scott's opinion, and the judgment is consequently affirmed.