Gregory v. Cheatham et al.

———————

SPENCE H. GREGORY, Appellant, v. JOHN T. CHEATHAM et al., Respondents.

*Witness—Contradiction—Evidence.*—Where an attempt is made to impeach a witness by showing that he has made statements differing from his testimony, the witness must have his attention called to the time, place and circumstances of the statements made and the person to whom made, that he may have the opportunity to explain the contradiction. If the attempt be made to impeach his testimony by statements made after the taking of his deposition, a new commission must be taken out, and he must be interrogated as to his contradictory statements before his testimony can be impeached.

*Appeal from Livingston Circuit Court.*

The plaintiff asked the court to instruct the jury:

1. If the jury find that Cooper and wife made the deed in controversy to defendant Cheatham with the intent to hinder, delay or defraud the creditors of said Cooper, and that the said Cheatham had knowledge of such fraudulent intent at the time of accepting the said deed, and that said Cheatham intended to aid, they will find the deed fraudulent.

2. If the jury find that Cooper was largely indebted at the time of making the conveyance to defendant Cheatham, and that the consideration actually paid by Cheatham was greatly less than the said property was reasonably worth at the time, it is a circumstance from which they may infer that the said deed was fraudulent, provided they further find that Cheatham knew of Cooper's intent to defraud, hinder or delay his creditors.

3. If the jury find that Cooper made the conveyance to Cheatham with the intent to hinder and delay the creditors of Cooper, they will find for plaintiff if they believe defendant Cheatham accepted said deed with knowledge of Cooper's said fraudulent intent.

The court refused the 3d instruction so asked by plaintiff, to which the plaintiff excepted.

Defendant prayed the court to instruct the jury as follows:

1. That if defendant Cheatham bought the property in good faith and for a valuable consideration, his deed is valid and cannot be set aside at the instance of plaintiff.

2. That the transaction between Cooper and Cheatham is presumed to be honest, and the burden of proving it otherwise is upon the plaintiff.

3. That the deed in question is not fradulent unless plaintiff proves the same to have been made with the intent, on the part of Cooper, to cheat, hinder or delay his creditors; and not even then, unless he further proves that defendant

Cheatham, at the time he took the deed, had knowledge of Cooper's said intention, and accepted the same with the view to aid or assist Cooper in his said fraudulent intent to cheat his creditors.

4. That defendant had a right to secure his own debt, if Cooper was owing him anything, by the purchase of his property; and it made no difference to him what Cooper's intention was, if he bought in good faith and for a valuable consideration, and to secure an existing debt, in whole or in part.

The instructions asked by defendant were given by the court, to which the plaintiff excepted.

*L. T. Collier,* for appellant.

I. The court erred in rejecting the proof offered by plain·tiff of. other conveyances, executed by Cooper to other parties at and near the time when the deed from Cooper to Cheatham was made. In the investigation of questions of fraud, the range of inquiry is necessarily broad, and can have no very well defined limit. The evidence proposed should have been admitted; and when all in, if found by the court to be irrelevant, might then have been withdrawn from the jury. (Lane v. Kingsberry, 11 Mo. 402; Carson v. Murray, 15 Mo. 378; Blue v. Penniston, 27 Mo. 272.)

II. The court erred in permitting the notes of Gregory v. Cooper and the testimony of Wells in relation thereto, as well as the letter of Holt, to go to the jury for the purpose of impeaching the deposition of Holt. To impeach a witness by proof of contradictory statements made by him out of court, or on other occasions, it is indispensable that the attention of the witness sought to be impeached should first be called to the alleged contradictory matter, that he may have the opportunity of explanation; and this rule extends to subsequent as well as to previous statements of the witness, and applies to all declarations made out of court, whether oral or written. (1 Greenl. Ev., § 462, p. 578; Clapp v. Wilson, 5 Denio, 285; Stephens v. The People, 19 N. Y. 589;

Kimball v. Davis, 19 Wend. 437; Stacy v. Graham, 14 N. Y. 498; Unis v. Charlton's Adm'r, 12 Grat., Va. 484; McDaniel v. Bacon, 2 Cal. 326; Drennen v. Linsey, 15 Ark. 359; Conrad v. Griffey, 10 How. U. S. 38, or 21 Curtis, U. S. 23; Bryan v. Walton, 14 Ga. 185; Smith v. The People, 2 Mich. 415.)

′ III. The court erred in refusing the 3d instruction asked by plaintiff, and in giving the 3d and 4th asked by defendants. (18 Mo. 178, and authorities there cited.)

Additional list of authorities—1. As to record of conveyances: Lane v. Kingsberry, 11 Mo. 402; Carson v. Murray, 15 Mo. 378; Blue v. Penniston, 27 Mo. 272. 2. As to the letter; 1 Greenl. Ev., § 462, p. 578; Clapp v. Wilson, 5 Denio, 285; Kimball v. Davis, 19 Wend. 437; Conrad v. Griffey, 21 Curtis, 23. 3. As to instructions: 12 Wend. 298; 13 Wend. 570; 18 Mo. 178.

*Ray & Woolfolk*, and *Turner*, for respondents.

The 3d instruction asked by plaintiff was rightfully refused, because a creditor has a right to purchase the property of his debtor, to secure a pre-existing debt, notwithstanding the debtor may intend by said sale to hinder or defraud some other creditor, and notwithstanding the creditor knows that fact; provided the creditor, in good faith, purchases the property, at fair prices, to secure his own pre-existing debt; and that is the ground of the 4th instruction given for defendant. In other words, a debtor has a right to prefer one creditor to another.

The court committed no error in refusing to allow plaintiff to show that said Cooper had made other conveyances of other property, to other parties, at other times; because this deed must stand or fall upon its own merits. If made in good faith and for a valuable consideration, it must stand, however fraudulent other deeds may have been. It would have embarrassed the court, and multiplied the issues to an indefinite extent, if the fairness and validity of all the deeds and transactions to which Cooper may have been a party were to be looked into upon this trial.

For the purpose of testing the credibility of a witness, it is always competent to show by legitimate testimony that he is interested in the event of the suit in which he testifies; it was therefore right and proper to show what relation he bore to this case and what interest he had in it.

In relation to the introduction of the letter of Holt to Wells, it is proper to say that, under the circumstances, it was impossible, and therefore improper, to apply the rule (laid down in some of the authorities and denied in others), that you cannot contradict a witness by proving what he has done or said out of court until you have first asked him, upon cross-examination, whether he has done or said such a thing. In this case it was impossible, for at the date of the deposition he had not written the letter in question; the foundation, then, for contradicting him could not thus be laid in the case, and the law requires no impossibilities.

The witness (Wells) shows that the consideration for the deed did not embrace but a small balance of prior indebtedness from Cooper to Cheatham, but was made up mostly by other items then advanced and assumed or transferred by the witness. These show that if the letter is left out altogether, the verdict is still for the right party. (15 Wend. 420; 3 Caines, 278; 17 Mass. 160; 1 Blackf. 86.)

LOVELACE, Judge, delivered the opinion of the court.

This is an action brought to set aside a deed made by one Charles Cooper to the defendant Cheatham. The court below found a verdict for the defendant, to reverse which the case is brought here by appeal. On the trial the court called in the aid of a jury, and submitted to them the following issues of fact:

1. The plaintiff affirms that the deed from Charles Cooper and wife to John T. Cheatham, mentioned in plaintiff's petition and dated March 29, 1862, for certain real estate described therein, was made, acknowledged and delivered by the said Cooper and wife to the said Cheatham without any sufficient, adequate and valuable consideration therefor, and

with the intent to hinder, delay and defraud the creditors of the said Charles Cooper in the collection of their just debts.

2. The plaintiff also affirms that the defendant Cheatham accepted said conveyance with full knowledge of the fraudulent intent with which it was made, and with the fraudulent purpose and design to aid and assist the said Charles Cooper in hindering, delaying and defrauding his creditors, and in screening and protecting the property aforesaid from the payment of Cooper's debts.

The defendant denied both of these propositions, and affirmed that said deed was made and received in good faith and for a valuable consideration.

The plaintiff, in support of his case, introduced the deposition of Thomas Holt, who resides in Alton, Illinois.

The plaintiff then introduced evidence tending to show that the property conveyed by the deed was worth much more than the consideration expressed in the deed; and, also, evidence tending to show that Cooper was largely indebted at the time of making the deed in question.

The defendant, then, for the purpose of impeaching the evidence of Thomas Holt, and to show his interest in the controversy, introduced the notes upon which plaintiff's original judgment was obtained against Cooper, and also a letter from Cooper to Elisha Wells, in which were statements differing from what the witness had sworn to in the deposition; to the introduction of all which the plaintiff objected.

The errors relied on to reverse this judgment are, 1st, the admission of improper evidence on behalf of the defendant; and, 2d, the giving of improper instructions to the jury.

1. The improper evidence complained of was the introduction of the notes and letter above referred to. With regard to the notes, very little need be said; they constituted a part of a record upon which plaintiff's right to sue depended. To show that he was a judgment creditor of Cooper, it was necessary that he should have read at least a portion of that record in evidence. The only interest he had in Cooper's property was such as that record gave him; and the

Gregory v. Cheatham et al.

plaintiff being compelled to read a part of the record to make out his case, the defendant was plainly entitled to read the balance. (Kritzer v. Smith, 21 Mo. 296.) With regard to introducing the letter for the purpose of contradicting the witness, the rule, as laid down by the elementary writers, seems to be this :—If it is intended to impeach the credibility of the witness by showing that he has made statements out of court differing from those sworn to in court, the witness must have his attention called to the time, place and circumstances of the statements, and the persons to whom made, in his cross-examination, in order to give him an opportunity to explain the contradiction if he can. This rule seems to apply to written statements as well as verbal. (1 Greenl. Ev., §§ 462–3.) It is intended for the protection of the witness, that he may not be dealt unfairly with, by proving apparent contradictions which might have been explained had his attention been called to them.

In this case, however, it is contended that the letter being written after the deposition was taken, it was impossible to call the witness's attention to the letter at the time the deposition was taken. In Conrad v. Griffey (21 Curtis, 23) it was attempted to contradict the witness by a letter which had been written by the witness some time before. McLean, J., in delivering the opinion of the court, said : " The rule is well settled in England that a witness cannot be impeached by showing that he made contradictory statements from those sworn to, unless on his examination he was asked whether he had not made such statements to individuals by whom the proof was expected to be given"; then, after citing the authorities, the learned judge goes on to say, " the rule is generally established in this country as in England."

In Kimball v. Davis (19 Wend. 457) it was attempted to discredit the witness by contradictory declarations made after the taking of the deposition. It was there held, that the only way to do this was to sue out another commission and examine the witness as to the matter about which it was desired to contradict him. The authorities all seem clear, that the

witness cannot be contradicted without first calling his attention to the matter about which he is intended to be contradicted. And in Conrad v. Griffey it is said that the rule applies to written as well as verbal statements. Written statements are as susceptible of explanation as verbal ones, and the witness ought to have the same opportunity to ex-. plain them. And if the contradictory statements are made after the taking of the deposition, then, according to the doctrine of Kimball v. Davis, which seems to be correct, the party seeking to contradict the witness must sue out another commission and examine him as to his contradictory statements. This rule, though intended to protect the character of the witness against unlooked for assaults, is nevertheless one in which parties litigant have a very deep interest; for if the credibility of a party's witnesses is destroyed, his case will necessarily fail, and he may very justly complain of the ruling of the court. The introduction of the letter to impeach Holt certainly cannot be maintained consistently with any of the authorities we have been able to find, and a judgment rendered under such circumstances ought not to stand.

2. With regard to the instructions, we see very little to review. If the jury had been required to pass upon the issues submitted, and not upon the general *bona fides* of the deed, the instructions could have had but very little effect. The plaintiff complains that the third instruction, asked by himself, was not given, and complains of the giving of each of the instructions asked by the defendant.

There was no error in refusing the third instruction asked by the plaintiff, for the reason that the same principle of law had already been twice given—in the plaintiff's first instruction, and in the defendant's third : this was often enough. There is no occasion of repeating the same proposition of law over and over again to the jury.

The fourth instruction given on behalf of the defendant is subject to some objections. It declares that "the defendant had the right to secure his own debt (if Cooper owed him anything) by the purchase of his property ; and it made no

difference to him what Cooper's intention was if he bought the property in good faith, for a valuable consideration, to secure an existing debt, in whole or in part." This instruction is not well supported by the evidence ; the evidence being, that the greater portion of the consideration was Cheatham's assuming liabilities for Cooper, and not the payment of his own debt. With these facts, then, the instruction was well calculated to leave the impression on the minds of the jury that if Cheatham paid a valuable consideration for the property, it would make no difference even though he knew that Cooper intended by the sale to defraud his creditors. The instruction was too broad, and, in addition to that, the law intended to be covered by it was fully reached by the other instructions.

The other judges concurring, the judgment will be reversed and remanded, to be tried in accordance with this opinion.