Martin ABOUSSIE, Plaintiff-Appellant,

v.

Jerry P. McBROOM, Defendant-Respondent.

No. 32394.

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1967.

James J. Sauter and Deeba, DeStefano, Sauter & Herd, St. Louis, for plaintiff-appellant.

F. X. Cleary, Donald L. James, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for defendant-respondent.

CLEMENS, Commissioner.

This lawsuit is for damages from an intersectional collision between the parties' automobiles. The defendant got a verdict and judgment, and plaintiff appeals. The amount in dispute is $8,000.

Two issues are before us. The more complex one arose from plaintiff's attempt to impeach a defense witness by showing he had made allegations of defendant's negligence in his own lawsuit over the same collision. The plaintiff also contends the court erred during closing argument by letting defense counsel misstate the testimony of a police officer about the point of impact.

Since both issues touch only lightly on liability, and not at all on damages, a brief factual statement will do. The plaintiff was headed west, the defendant east, on Delor Street. They collided at the intersection of 37th Street, damaging the left-front corners of each car. Plaintiff had stopped on Delor, ready to make a left-hand turn into 37th Street. According to plaintiff, he was stopped with his left directional light blinking when the defendant's car, moving at 60 m. p. h., veered partly across the center line and collided with plaintiff's stopped car. According to defendant, he was driving 30 m. p. h. on his own right-hand side of Delor when the plaintiff suddenly turned left into his path. A police officer testified for defendant that debris from the colliding cars fell on the south (defendant's) side of the intersection.

Two of plaintiff's points concern David Roerig, a passenger in defendant's car, who testified favorably for the defendant. Witness Roerig had an action for damages pending against both plaintiff and defendant. Plaintiff contends the court erred in refusing to allow him to impeach Roerig by reading into evidence two allegations of negligence Roerig had made against his host-driver, defendant McBroom. This, on the theory that Roerig's pleaded allegations were inconsistent with his trial testimony.

On cross-examination by plaintiff, Roerig had testified that the defendant drove on the right-hand side of Delor at all times, his speed was never over 30 m. p. h., and his car was under control. Roerig then acknowledged he had told his own attorney the facts about the collision before filing suit but had not read the petition. Plaintiff again asked Roerig whether McBroom had kept his car in control, and when Roerig answered yes plaintiff's counsel then asked, "Well, then that isn't true if you said that in your lawsuit, is it?" The court sustained defendant's objection to the attempted impeachment by prior inconsistent statement, telling plaintiff he would "have to lay a foundation." But the only other question put to Roerig about his lawsuit was "You're making some claim that Jerry McBroom

was wrong in some way, aren't you?" Roerig answered no.

On the next day of trial, after defendant had rested his case, plaintiff offered to read into evidence two allegations of negligence from Roerig's petition. One charged that McBroom did not have his car under such control as to be able to stop at the first appearance of danger; the other, that by stopping or slackening his speed McBroom could have avoided the collision. The trial court denied plaintiff's proffer because "the witness was not asked about these allegations."

Defendant denies plaintiff's right to introduce Roerig's pleaded allegations, contending they were merely conclusions, not factual statements, and hence inadmissible to contradict his oral testimony. (See Bright v. Wheelock, 323 Mo. 840, 20 S.W.2d 684 [2].) We need not decide this. Plaintiff's point can best be decided by determining—as the trial court did—whether plaintiff laid the necessary foundation to impeach Roerig by the pleadings in his own lawsuit.

■ A non-party witness may be impeached by showing he had previously made a factual statement inconsistent with a material statement in his trial testimony. But it is first necessary to ask the witness whether he made the statement, quoting it and pointing out the precise circumstances under which it was supposedly made. This, to give the witness a chance to refresh his recollection of the previous statement and to admit, deny or explain it. As early as 1851 our Supreme Court ruled that the need to lay a foundation before impeaching a witness by a previous inconsistent statement was "too familiar to need repetition." Clementine v. State, 14 Mo. 112, l. c. 115. Of course, if the witness admits making the prior inconsistent statement, he stands impeached and the matter is closed. But if the witness denies or equivocates about having made the statement, the cross-examiner may then introduce evidence showing that the witness did in fact make the previous

inconsistent statement. Since 1894 these detailed principles have become deeply ingrained in our law. See Spohn v. Missouri Pacific Ry. Co., 122 Mo. 1, 26 S.W. 663, and cases collected in 29A Mo.Digest, Witnesses, § 388.

■ Here, the plaintiff did not lay the required foundation. He did not confront witness Roerig with the allegations in his petition and give him a chance to admit, deny or explain them. So the trial court properly denied any inquiry about Roerig's allegations until a proper foundation had been laid. When plaintiff later offered Roerig's pleaded allegations in evidence, the trial court properly excluded them because "the witness was not asked about them." Both rulings followed the principles cited above.

■ Plaintiff raises a related point about the testimony of another defense witness, the lawyer who had filed Roerig's suit against both plaintiff and defendant. Plaintiff had previously impeached Roerig on cross-examination by showing he had sued the defendant, in whose favor Roerig was testifying. Further, plaintiff had cast Roerig in an unfavorable light by the unanswered questions about inconsistent allegations in Roerig's petition. To diminish the effect of all this and to rehabilitate Roerig, defendant sought to shift the prime responsibility away from Roerig personally and onto Roerig's lawyer. Defendant produced the lawyer as a witness and asked him to state the basis on which he had filed suit for Roerig against both drivers. Over plaintiff's objection ("that has nothing to do with this lawsuit"), the lawyer explained he felt it was his duty to his client, Roerig, "to file suit against both parties and let the jury decide who caused this accident." We have decided it was not error to admit this testimony.

■ When a witness has been impeached the party producing him is entitled to produce evidence to explain, counteract or justify the impeaching testimony. In

Couch v. St. Louis Public Service Co., Mo.App., 173 S.W.2d 617 [7–9], we said: "* * * and where the one party, on cross-examination of a witness, opens up a line of inquiry which is designed to discredit the witness in the eyes of the jury, the courts go very far, as the reported cases show, in permitting the other party, on redirect examination, to bring out those aspects of the matter which are favorable to the witness, even though, without the foundation afforded by the cross-examination, the evidence thus brought out would be wholly unjustifiable. [Citing cases.]" That principle would allow Roerig, on redirect examination, to say why he had sued both drivers. Here, the explanation of the impeaching lawsuit came not from the witness himself but from the attorney who had filed it. There is no logical reason the explanation must come only from the impeached witness on redirect examination if another witness also can explain it. This is regularly done where a rehabilitating witness relates the prior consistent statement of another witness who has been impeached by a prior inconsistent statement. See, for example, State v. Crocker, Mo., 275 S.W.2d 293 [6, 7], and Kelly v. American Cent. Ins. Co., 192 Mo.App. 20, 178 S.W. 282 [3]. We mention this only to show that rehabilitating evidence may, as here, come from either the impeached witness or another witness.

Here, Roerig's lawyer could probably explain the reason for Roerig's suit better than Roerig himself. A similar issue was before the Supreme Court in the case of State v. Spaugh, 200 Mo. 571, 98 S.W. 55 [8], where the defendant showed on cross-examination of State's witness Brown that Brown had been jailed on the day of the crime and released when he gave the prosecuting attorney a statement incriminating the defendant. The prosecuting attorney countered by taking the stand and testifying he had not jailed Brown for the crime and had not made any threats or promises to induce Brown to testify for the State. In holding this admissible, the court said: "The de-fendant having assailed the testimony of Brown and sought to create the impression that his evidence was improperly obtained, we can see no valid reason why the prosecuting attorney should not have been permitted to rebut such a charge, * * *." See, also, Wilkerson v. Missouri Pacific Ry. Co., Mo.App., 69 S.W.2d 299 [11, 12], and 98 C.J.S. Witnesses §§ 571, 621.

■ Plaintiff's other point is that during closing argument the trial court erred in allowing defense counsel to misstate the testimony of the police officer who had described the location of the fallen debris. Plaintiff says defense counsel argued incorrectly that the officer had given his opinion about the point of collision. When testifying, the officer described the location of the debris but was not permitted to give his opinion about the point of collision. Then, in closing argument, defense counsel said, "But the Officer said he saw debris where the cars collided * * *." Plaintiff objected and the court ruled, "Overruled, it's permissible argument." Defense counsel continued, paraphrasing the officer's description of the location of the debris and adding his own inference, "that's where the collision occurred."

The trial court's ruling indicates its belief that the phrase "where the cars collided" was an inference, drawn by counsel from the police officer's description of the location of the debris. Considering the range allowed counsel in discussing facts and drawing inferences in closing arguments, and the discretion allowed trial courts in controlling those arguments, we rule this point against the plaintiff.

Finding no prejudicial error, the judgment is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

ANDERSON, P. J., WOLFE, J., and JOHN C. CASEY, Special Judge, concur.