Michael D. MURPHY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12580.

Missouri Court of Appeals,
Southern District,
Division One.

July 14, 1982.

Thomas L. Williams, Carthage, for movant-appellant.

John D. Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant was convicted of murder in the second degree and sentenced to life imprisonment. He sought to vacate that conviction by a motion under Rule 27.26. The trial court denied the motion without an evidentiary hearing, having determined that the files and records of the case conclusively showed that movant was not entitled to relief. Rule 27.26(e).

Movant's first point contends that his trial counsel was ineffective because the attorney introduced all of the medical records of a hospitalization of movant which included some information possibly unfavorable to movant. This contention was presented on movant's appeal from the judgment of conviction. *State v. Murphy*, 592 S.W.2d 727, 734 (Mo. banc 1979). An issue previously considered on direct appeal cannot be relitigated by a Rule 27.26 motion. *Sweazea v. State*, 515 S.W.2d 499, 501 (Mo. banc 1974); *Barton v. State*, 614 S.W.2d 766, 767 (Mo.App.1981). Point one is denied.

Movant's second point states that he received ineffective assistance of counsel on

that appeal because counsel failed to properly raise a point. Relief from such failure is beyond the scope of a Rule 27.26 motion and should be sought in the appellate court by motion to recall the mandate, vacate the sentence of affirmance and redocket the cause for rehearing. *Hemphill v. State*, 566 S.W.2d 200, 208 (Mo. banc 1978). See also *Morris v. State*, 603 S.W.2d 938 (Mo. banc 1980). Point two is denied.

Point three contends that the state suppressed evidence of statements that a witness made "exonerating" movant. The witness died between the preliminary hearing and the trial and a transcript of her testimony at the preliminary hearing was used at the trial. The trial court denied movant's contentions because the record showed that he was "accorded full discovery" and because such statements would not have been admissible at the trial.

■ As no hearing was held we must accept as true movant's allegations that there were inconsistent statements by the witness and they were improperly withheld from movant. *State v. Washington*, 399 S.W.2d 109, 111 (Mo.1966). Discovery commences upon the filing of the information. Rule 25.02. The information would be filed after the preliminary hearing and there is no contention that the state would have been obligated to disclose the statements earlier. We must decide whether they could have been used at trial. If not, movant would not have been prejudiced by their nondisclosure.

■ Normally, a foundation is required before inconsistent statements can be admitted. *State v. Ivicsics*, 604 S.W.2d 773, 780 (Mo.App.1980); *Aboussie v. McBroom*, 421 S.W.2d 805, 807 (Mo.App.1967). No foundation for the introduction of the statements was made at the preliminary hearing.

3A Wigmore, Evidence, §§ 1030–1034, pp. 1032–1040 (Chadbourn rev. 1970), discusses the problems in this situation and the views of various authorities. Missouri cases cited there say that where a deposition is introduced, inconsistent statements may not be shown unless a proper foundation for them was laid in the deposition. *Able v. Shields*, 7 Mo. 120 (1841); *Gregory v. Cheatham*, 36 Mo. 155 (1865); *Ebert v. Metropolitan St. Ry. Co.*, 174 Mo.App. 45, 160 S.W. 34, 37 (1913). Also cited there is *Ely-Walker Dry Goods Co. v. Mansur*, 87 Mo.App. 105 (1900). It held that where testimony was preserved in a bill of exceptions under what is now § 492.410, RSMo 1978, that this statute allowed contradictory statements to be shown without a foundation being laid. Here we are not concerned with testimony preserved under § 492.410 but we think much of the discussion in *Ely-Walker* is relevant to the problem before us.

■ We believe that where a party shows that it did not have and by way of reasonable diligence could not have had knowledge of a contradictory statement by a deceased witness at the time the testimony was given and thus could not have asked the witness about it, the statement may be used at trial. See *State v. Ivicsics*, supra, 604 S.W.2d at 780–781. The statement could not be used where the party knew or should have known of the statement at the time of the prior testimony and did not establish a proper foundation. Here, if the witness had made statements favorable to movant and movant did not know of them and by way of reasonable diligence could not have learned of them when the preliminary hearing was held, then the statements could have been used at the trial. Movant could have been prejudiced if the state failed to disclose them and we rule that he is entitled to a hearing on this point.

■ Point four contends that the court erred in denying the motion because movant was denied a fair and impartial jury because the sheriff's department that investigated the case had control of the jury. The trial court allowed counsel to argue whether an evidentiary hearing should be held on movant's motion and counsel admitted in his argument that movant was arrested by a police officer. Counsel also admitted there, as the record reflects, that there was no trial testimony from any deputies or other employees of the sheriff's

office. Movant does not state facts showing how he was prejudiced. An evidentiary hearing is required only if the motion alleges facts, not conclusions, warranting relief and such facts raise matters that are not refuted by the files and records in the case. *Morris v. State*, 611 S.W.2d 39, 40 (Mo.App. 1980). No facts showing how movant was prejudiced are alleged in the motion here. This point is denied.

For his fifth point movant contends that he was denied effective assistance of counsel due to the failure of counsel to object to the prosecuting attorney's statements in closing argument that the jury should sentence movant to life imprisonment and leave it to other authorities to decide if he should "be let out". In his direct appeal movant claimed plain error because of that argument. That contention was denied; the supreme court noting that the remarks were short and but a small part of the closing argument and that it was "not demonstrated that the comment had a decisive effect on the jury." *State v. Murphy*, supra, 592 S.W.2d at 732. The burden upon appellant to show ineffective assistance of counsel is a heavy one. *Covington v. State*, 600 S.W.2d 186, 189 (Mo. App.1980). We do not think that this incident, which the supreme court apparently did not find significant, would sustain such a burden. Point five is denied.

Point six alleges that the trial court erred in denying the motion because movant did not receive a fair trial due to improper publicity. Point seven contends that because of that publicity his counsel should have sought a change of venue. The trial court reviewed the voir dire examination of the jury panel and stated in his findings that of forty-two persons called, three recalled hearing about the incident from the news media and those three stated that they remembered no details. As the motion states no facts showing how the publicity and the failure to take a change of venue prejudiced movant, points six and seven are denied. *Morris v. State*, supra, 611 S.W.2d at 40.

Appellant's eighth and final point alleges that he was denied effective assistance of counsel because counsel failed to investigate a witness for the state. He contends that he was prejudiced because the witness's testimony "COULD HAVE BEEN IMPEACHED". Three things are alleged that could have been used to impeach the witness: (1) he was "A KNOWN DRUG DEALER"; (2) he "WAS BEING INVESTIGATED"; and (3) he was subsequently "BUSTED FOR DRUGS". "Busted" means "arrested". *People v. Samuels*, 40 Cal.Rptr. 290, 291, 229 Cal. App.2d, 351 (1964); The American Heritage Dictionary 180 (1978); Webster's New Collegiate Dictionary 148 (1979). Neither the investigation nor the arrest can be shown to attack the credibility of a witness. *State v. Taylor*, 498 S.W.2d 614, 616 (Mo.App.1973).

In his brief movant contends that the witness could be impeached by showing that the witness committed specific criminal acts, apparently illegal sales of drugs, although he was not convicted of them. Impeachment by showing such acts is a matter for the trial court's discretion, *State v. Meek*, 584 S.W.2d 168, 170 (Mo. App.1979); *State v. Lynch*, 528 S.W.2d 454, 457–458 (Mo.App.1975); *State v. Winters*, 525 S.W.2d 417, 425 (Mo.App.1975), and might have been allowed at trial. See also *State v. Horton*, 607 S.W.2d 764, 766 (Mo. App.1980). However, no facts setting forth specific criminal acts of the witness were alleged in the motion. If movant has specific facts, those should have been included, or if he has reasonable ground to believe that facts may exist, he could have informed his counsel of the basis for that belief and his counsel could have investigated and have amended the motion. See Rule 27.26(h). In order to present evidence on this contention it would be necessary for movant or his counsel to know the improper acts beforehand. As specific facts are not alleged, a hearing is not required on this point. *Morris v. State*, supra, 611 S.W.2d at 40. Point eight is denied.

The judgment is affirmed on its denial of a hearing regarding all allegations in the

motion, other than those set forth in paragraph 12 of movant's amended motion, point three discussed above. The judgment is reversed as to said paragraph 12 and the cause remanded for a hearing on those allegations.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.