William J. WILLIAMSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32069.

Missouri Court of Appeals,
Western District.

Aug. 11, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1981.

Application to Transfer Denied
Feb. 16, 1982.

Joe F. Willerth, Independence, for appellant; Cochran, Kramer, Kapke, Willerth & King, Independence, of counsel.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before. PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

PRITCHARD, Presiding Judge.

In this Rule 27.26. proceedings, held in June, 1980, appellant, by five separate points, contends that his trial counsel was ineffective, requesting therefore that the sentence and judgment of conviction be set aside and that a new trial be awarded.

By the verdict of a jury on June 6, 1978, appellant was found guilty of murder in the second degree, and pursuant to the Second Offender Act, he was sentenced to 20 years imprisonment. The judgment was affirmed on appeal. *State v. Williamson*, 584 S.W.2d 628 (Mo.App.1979).

By Point I appellant says his trial counsel was ineffective because he failed to file a motion to quash the jury panel and appellant was thereby denied his constitutional right to be tried by a jury representative of a cross section of the community under *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). There were 10 women on the panel of 45 veniremen for appellant's trial, and one woman was selected for the jury trial. Appellant's then counsel had been practicing law for 8 years, with about 90% of his cases being criminal. He was then aware that the public defender's office was routinely filing motions to quash jury panels in Jackson County. He was also aware of *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977), holding that the Missouri exemption for services of women on juries was not unconstitutional. For that reason, he believed that it would have been a "waste of paper" to file a motion to quash the panel, and he also believed that the United States Supreme Court would affirm the decision of the Supreme Court of Missouri. After the United States Supreme Court decision in *Duren v. Missouri*, supra, was handed down, appellant's counsel included the Duren issue in his direct appeal. It was, however, ruled against him, 584 S.W.2d 630[5], because there was no timely motion to quash the jury panel filed, citing *Lee v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979). The *Lee* case holds, page 462, 99 S.Ct. page 711, "We note that in any case in which a jury was sworn subsequent to *Taylor v. Louisiana* and the

fair-cross-section claim based on exclusion of women was rejected on direct review or in state collateral proceedings because of the defendant's failure to assert the claim in timely fashion, relief is unavailable under 28 U.S.C. § 2254 unless the petitioner can show cause for having failed to raise his claim properly in the state courts."

This court could have considered the matter of the exemption of women from jury service in the direct appeal of *State v. Williamson*, supra, as plain error applied sua sponte under *State v. Hawkins*, 582 S.W.2d 333, 334[1] (Mo.App.1979), but the court did not do so, apparently because the issue was not requested to be reviewed as plain error, and there was no showing that there was cause for having failed to raise the claim properly in the trial court. Appellant here seeks to have his conviction set aside solely on the basis of ineffective assistance of counsel, and that asserted ineffectiveness is the sole issue. He does, however, argue that this court should now set aside the conviction upon a consideration and ruling on a basic *Duren* issue—lack of a fair-cross-section of the community upon the jury panel. That issue may not now be reached.

■ In the second issue of *Benson v. State*, 611 S.W.2d 538, 542 (Mo.App.1980), there was a consideration of whether there was incompetence of counsel for failing to file a motion to quash the jury panel. The standard of conduct for lawyers is set forth in *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979), " 'The accepted standard for effectiveness of trial counsel is now established as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances. (Citation omitted.) Furthermore, there is a presumption that counsel is competent (citation omitted), and the petitioner must shoulder a heavy burden to override this presumption. (Citations omitted.) Finally, the exercise of reasonable judgment, even when hindsight reveals a mistake in that judgment, does not render a lawyer negligent or lacking in competence in rendering his services.' " Here, as in the *Benson* case,

there is a claimed omission to raise the *Duren* issue. At page 545, the essence of the *Benson* holding on the claim of ineffective assistance of counsel is stated: "Nor does the effort to mount an attack upon the Jackson County jury selection system in *Duren* and *Lee* demonstrate that any reasonably competent lawyer should have undertaken the same effort, even if the means were at hand. The possibilities of success in that effort were truly speculative and it is obvious that many lawyers considered them futile. The ultimate vindication of the claim does not render incompetent those who did not believe that the effort would succeed and that is true whether the doubt was on factual or legal grounds." The *Benson* case controls the allegations here, and Point I is overruled.

■■ In Point II, appellant claims his trial counsel was ineffective for failure to file a bill of particulars and timely to object to the amended information which failed to list the witnesses against him and failed to recite the statute number of the charged offense. As to the matter of a bill of particulars, appellant's counsel testified that he saw no reason to do so because he had complete access to the state's file and was well advised of the evidence. He knew of all the witnesses the state intended to call, and he thought, but did not remember, that the original information contained all the names of the state's witnesses. Where the indictment alleges the essential facts constituting the offense (and it is not here contended otherwise), it must be assumed that the defendant was sufficiently informed of the details to prepare his defense. *State v. Donnell*, 430 S.W.2d 297 (Mo.1968). The testimony of appellant's counsel shows he was advised of the evidence. There is no merit in the contention. As to the claim that the information did not set forth the statute number alleged to have been violated, *State v. Harris*, 598 S.W.2d 200, 202[1] (Mo.App.1980), holds that although now Rule 23.01(b) 4. requires that the indictment or information cited the section of the statute alleged to have been violated and the section fixing the penalty or punishment, failure to do so is not error where the information notified defendant of the charged offense and constituted a bar to further prosecution. *Harris* held further that such an information does not affect jurisdiction. Counsel's testimony shows the claims to be without merit, and he is not to be held to have been ineffective for failing to take action where there was no chance of prevailing. See *Brown v. State*, 589 S.W.2d 368, 370[2] (Mo.App.1979). Point II is overruled.

■■ By Point III, appellant claims his trial counsel was ineffective for failure to object to the state's cross-examination which he says improperly went into the details of crimes leading to previous convictions thus hurting his credibility before the jury. The previous convictions were for carrying a sawed-off shotgun for which a plea of guilty in Nebraska was entered in the state of Nebraska, and for malicious destruction of property for which a plea of guilty was entered in Missouri about 1973. Appellant had testified that he was frightened by the police, and the scope of the prosecutor's cross-examination was to explore that claim. Counsel testfied in this hearing that the prosecutor began to ask questions about specifics of a prior conviction, "and my feeling at the time was that we sort of wandered in and we had to wander out. I am talking about the impact on the jury. That was my reason, I thought, you know, we sort of stepped in it, now we have got to get out." Clearly, the defense had opened up the matter of fright and equally as clear is counsel's trial counsel strategy in failing to object, possibly to lessen accentuation of the matter. Allegations of ineffectiveness which relate to trial strategy are not cognizable under Rule 27.26. *Perry v. State*, 579 S.W.2d 728, 730 (Mo.App.1979). Besides, appellant claimed prejudice is without merit because the cross-examination was ruled on direct appeal and the issue was ruled against him. 584 S.W.2d at 630. That matter may not be further pursued in post-conviction proceedings. *Shepherd v. State*, 529 S.W.2d 943, 946[5, 6] (Mo.App.1975). Point III is overruled.

By Point IV, appellant says his trial counsel was ineffective for failure to request MAI–CR 3.56, an instruction which limits the jury's consideration of evidence of prior convictions to the issue of believability of the witness and the weight to be given the testimony. Counsel testified that he was familiar with the instruction, but did not request that it be given because he thought it would highlight the prior convictions once again. He would have requested it had the prior convictions been of the same general kind of the one for which appellant was on trial (murder), but where appellant's convictions had nothing to do with the case being tried, counsel thought that the least that was said about it, the better. Again, this issue refers to a matter of trial strategy and may not be considered under Rule 27.26. *Perry v. State,* supra. Point IV is overruled.

Appellant in his last point (V) contends that his counsel was ineffective for failure to make timely objection to the closing argument of the state, which he says injected his race into issue by the jury in an inflammatory fashion. The state says that the account given by appellant, as contained in the transcript of this proceedings is not correct. A supplemental transcript of the argument portion of the trial has been filed and it shows this as to the prosecutor's argument: "You know, there's kind of a danger in this case. You're all white folks. So am I. This is a crime that happened at 31st and Forest. One black man killed another. Your obligation is to preserve life. You cannot let the taking of a human life go unanswered. Don't say, 'Oh, well, it's just another stabbing in a black tavern.' That's not your sworn duty in this case. You can't say, 'We're isolated from crime; that doesn't affect us; that doesn't affect the community.' You understand, the parties to this case are the People of the State of Missouri. Everybody is involved in crime wherever it happens." Appellant's counsel testified that he had forgotten the argument except for what appellant testified it was, and the prosecutor "wanted the jury to be aware that it was an inner-city case and that the people in the inner-city had a right to have law enforcement just like people in the suburbs, and I believe that was the thrust of the argument and I didn't make any objection to that. Q. Do you know why you did not? A. I didn't—at the time, I didn't feel it was improper argument." On direct appeal, counsel did not have the argument made a part of the record because any issue in regard thereto was, in his opinion, without merit. In the context of what the supplemental transcript, supra, reveals, that conclusion was correct. The argument did not inject any racial prejudice into the case, but was merely a plea that the inner-city people were entitled to the same kind of law enforcement as anyone else. Counsel cannot be faulted for not objecting to an argument which was manifestly proper. Point V is overruled.

The judgment is affirmed.

All concur.