**Larry MERRITT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32867.**

Missouri Court of Appeals, Western District.

March 16, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 1, 1982.

James L. McMullin, Kansas City, for appellant.

John Ashcroft, Atty. Gen. and Melinda Corbin, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

PER CURIAM:

This is an appeal from the denial of postconviction relief under Rule 27.26. Appellant, Larry Merritt contends his trial counsel was ineffective for failing to file a "Motion To Quash the Jury Panel due to the under-representation of women," and as a result was denied his constitutional rights under *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), and that his judgment of conviction should be vacated.

Merritt was found guilty by jury verdict on August 25, 1978, of robbery in the first degree (§ 560.120, RSMo 1969) and armed criminal action (§ 559.225, RSMo Supp. 1976) and sentenced to 20 years and 5 years respectively. His direct appeal resulted in both judgments being affirmed. *State v.*

*Merritt*, 591 S.W.2d 107 (Mo.App.1979). His motion to vacate filed in the circuit court resulted in only the conviction for armed criminal action being vacated pursuant to *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980). This appeal followed, Merritt claiming that his conviction for first degree robbery should have been vacated, relying primarily on the holding in *State v. Williams*, 595 S.W.2d 378 (Mo.App.1980). Appellant was represented at trial and on direct appeal by the same counsel from the Office of Public Defender. He retained his own counsel on the 27.26 motion.

■ The *Duren* issue was not raised at trial nor on direct appeal. The trial of *State v. Merritt, supra,* occurred between the decisions of *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) and *Duren v. Missouri, supra.* Merritt's sole point concerns his trial counsel's failure to raise the *Duren* issue in a motion to quash the jury panel. He has not presented any evidence that the jury was improperly selected or drawn. In any case, that issue may not be decided in a 27.26 motion. *Benson v. State*, 611 S.W.2d 538 (Mo.App.1980).

■ With regard to his claim of incompetence of counsel for failure to file a motion to quash the jury panel, the facts here are similar to those in *Williamson v. State*, 628 S.W.2d 895 (Mo.App.1981). In *Williamson,* the jury verdict was on June 6, 1978, also between the time of *State v. Duren* and *Duren v. Missouri* (here the verdict came on August 28, 1978). At page 897, this court ruled that the trial court did not err in finding that trial counsel's failure to file a motion to quash did not violate the movant's sixth amendment rights, saying,

[T]he standard of conduct for lawyers is set forth in *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979), " 'The accepted standard for effectiveness of trial counsel is now established as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances. (Citations omitted.) Furthermore, there is a presumption that counsel is competent (citation omitted), and the petitioner must shoulder a heavy burden to override this presumption. (Ci-

tations omitted.) Finally, the exercise of reasonable judgment, even when hindsight reveals a mistake in that judgment, does not render a lawyer negligent or lacking in competence in rendering his service.' " Here, as in the *Benson* case, there is a claimed omission to raise the *Duren* issue. At page 545, the essence of the Benson holding on the claim of ineffective assistance of counsel is stated: "Nor does the effort to mount an attack upon the Jackson County jury selection system in *Duren* and *Lee* [*v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736] demonstrate that any reasonably competent lawyer should have undertaken the same effort, even if the means were at hand. The possibilities of success in that effort were truly speculative and it is obvious that many lawyers considered them futile. The ultimate vindication of the claim does not render incompetent those who did not believe that the effort would succeed and that it is true whether the doubt was on factual or legal grounds."

Merritt's allegation of incompetence of trial counsel under the standard of *Seales* for this action is not well taken in light of *Williamson.*

The judgment of the trial court is affirmed.