Theodore Floyd GINNERY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12776.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 3, 1983.

Larry Maples, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Appellant filed motions under Rule 27.26, seeking to vacate sentences for rape[1] and sodomy.[2] The trial court denied the motions without a hearing. See Rule 27.26(e).

Appellant contends that a hearing should have been held on his motions as he alleged facts showing that he did not receive a fair trial because the trial court did not order a mental examination to determine his fitness to stand trial and his trial counsel failed to have him "timely and properly examined" to determine that fitness.

Appellant was examined on August 24, 1979, by a psychiatrist pursuant to an order of an associate circuit judge. The psychiatrist found that appellant "is able to understand the nature of current proceedings and is able to assist in his own defense."[3] On November 28, 1979, a hearing was held to determine if appellant was competent to stand trial. He was found competent and the sodomy charge proceeded to trial on that date. The jury was instructed upon his defense of mental disease or defect[4] and returned a verdict finding appellant guilty.

On January 29, 1980, appellant was tried on the rape charge. The jury was instructed on the question of mental disease or defect and returned a verdict of guilty. The psychiatrist who examined appellant testified at both trials.

To receive a hearing, appellant must allege facts showing that he is entitled to the relief requested. *Murphy v. State,* 636 S.W.2d 699, 702 (Mo.App.1982). When challenging an attorney's failure to move for mental examination, appellant must show the existence of a factual basis indicating his mental condition was questionable, which should have caused the attorney to initiate an independent investigation of appellant's mental state. *Simpson v. State,* 603 S.W.2d 9, 10–11 (Mo.App.1980). There is no factual basis alleged showing that either the judge or the attorney should have initiated proceedings to have appellant examined further. Because no such facts are stated, the trial court properly denied the motion without a hearing.

There were no facts alleged showing that the determination by the psychiatrist was erroneous or that thereafter appellant became incompetent to stand trial. The motions do not allege that appellant was incompetent to stand trial. No facts are alleged showing that the judge should have had "reasonable cause to believe" that appellant had "a mental disease or defect excluding fitness to proceed".[5] Nor does the motion state that a different result regarding appellant's competency would have been reached had a later examination been made.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.

1. See *State v. Ginnery,* 617 S.W.2d 115 (Mo.App.1981).

2. See *State v. Ginnery,* 617 S.W.2d 117 (Mo.App.1981).

3. See § 552.020.3(3), RSMo 1978 (In effect at the time of the trial court proceedings against appellant).

4. See § 552.030, RSMo 1978 (then in effect).

5. See § 552.020.2, RSMo 1978 (then in effect).