**Ralph E. PARCEL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13435.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 14, 1985.

Motion for Rehearing or Transfer Denied
March 11, 1985.

Application to Transfer Denied
April 30, 1985.

Michael R. Radosevich, Jefferson City, for movant-appellant.

John Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Mary Elise Burnett, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Ralph E. Parcel appeals from a denial, after evidentiary hearing, of his Rule 27.26, V.A.M.R. motion to set aside a judgment and sentence for felony murder (§ 559.010 RSMo 1969). This court affirmed the conviction in *State v. Parcel,* 546 S.W.2d 571 (Mo.App.1977). The motion alleged that defendant's trial counsel in the murder case, attorney Richard Franks, rendered him ineffective assistance of counsel in several respects. On this appeal movant asserts that counsel was ineffective and the trial court erred in ruling otherwise. Appellate review of the trial court's order denying the motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

·　　·　　·　　·　　·

"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* supra, 104 St.Ct. at 2068.

Movant's first point is that attorney Franks inadequately represented movant during voir dire examination by failing to

object to the prosecutor's questions directed to veniremen Meade, Gibbs, Sharp, Williams, Womack, Powell, McCoy and Vermillion, and failing to object to the prosecutor's motion to excuse those veniremen.

This court has examined the transcript of the voir dire examination of the named veniremen. Both the prosecutor and attorney Franks participated in that examination. Each of the veniremen was properly excused by the court. None of the prosecutor's questions was objectionable. Attorney Franks may not be faulted for failure to make an invalid objection to those questions or to the prosecutor's motion to excuse those veniremen. The trial court found that attorney Franks was not incompetent with respect to the manner in which he conducted voir dire examination. That finding is fully supported by the record and is not clearly erroneous. Movant's first point has no merit.

Movant's second point is that attorney Franks was ineffective in failing to object to inadmissible evidence offered by the state and admitted by the trial court.

■ The statement of facts portion of movant's brief, which does not set forth the challenged evidence, refers this court to three pages of the murder trial transcript where it purportedly appears. This court has made a gratuitous examination of those pages. They contain statements attributed to state's witness Teitsworth which are in essence consistent with and cumulative of testimony of Teitsworth himself given earlier in the trial. The trial court found that the evidence was admissible as a statement of a co-conspirator and that attorney Franks had no duty to object to it. That finding is supported by the record and is not clearly erroneous.

Movant's brief also states: "[Attorney Franks] failed to assert that the search and seizure of items introduced into evidence resulted from an unconstitutional search by Trooper Behrns. The trial transcript is somewhat unclear on this point, but it appears as though movant was not a suspect on the day he was arrested and searched and, therefore, the items seized from his person were inadmissible at trial."

■ At the motion hearing movant testified that Trooper Behrns arrested movant "but not on this charge." The trial transcript, which movant says is "unclear," tends to indicate that the search and seizure were incident to a lawful arrest and that a motion to suppress would have been unavailing. Moreover, during cross-examination of the trooper, attorney Franks developed evidence of a written report, inconsistent with the trooper's testimony on direct examination, which tended to incriminate a third person. The failure to object to the evidence could well have been a matter of trial strategy. The trial court found that the evidence was admissible and that counsel had no duty to challenge same. That finding is not clearly erroneous. Movant's second point has no merit.

Movant's third point is that attorney Franks was ineffective in failing to object to a statement made by the prosecuting attorney during the course of his closing argument to the jury. The prosecutor said, "Even if you believe the defendant, which I don't, and which I believe the evidence overwhelmingly shows was not what happened, he is guilty of first degree murder in connection with the burglary." Movant argues that it was improper for the prosecutor to argue that he personally did not believe the defendant.

"The law is well settled that the prosecuting attorney may not express his private opinion or knowledge of a defendant's guilt but where it is apparent that his opinion is based solely on the evidence in the case he may properly argue that, in his opinion, defendant is guilty." *State v. Groves*, 295 S.W.2d 169, 173 (Mo.1956).

■ The trial court found that the prosecutor's statement "does not show that the prosecutor was expressing his personal belief on anything other than what was covered in evidence and that his belief was based on the evidence." The trial court also found "there was no error and trial counsel had no duty to raise the issue and even if it

were error which he should have raised, his non-action was trial tactics...." Those findings are not clearly erroneous. Moreover, as stated in *Fitzpatrick v. State*, 578 S.W.2d 339, 341 (Mo.App.1979), "Even if it be assumed that the prosecutor's argument exceeded permissible limits, mere failure of defense counsel to preserve the issue on appeal is not a basis to grant relief under Rule 27.26. An error or mistake in trial strategy or judgment must, to justify vacating judgment of conviction, have been of such character as to deprive movant substantially of his right to a fair trial. *McConnell v. State*, 530 S.W.2d 43 (Mo. App.1975). Such is not demonstrated to have been the effect in this case." Movant's third point has no merit.

Movant's fourth point is that attorney Franks inadequately investigated witness Raymond Hoover who testified as a character witness for the defense. Movant argues that Hoover "gave testimony harmful to the defense." This court has reviewed the testimony of Hoover and its general tenor was favorable to the defense. Some portions of that testimony which may have been unfavorable had previously been elicited during the testimony of movant, who had testified earlier in his own defense. The trial court found that the decision to call Hoover was a matter of trial tactics and not a basis for a finding of ineffective assistance of counsel. That finding is not clearly erroneous. Movant's fourth point has no merit.

Movant's fifth point is that attorney Franks was ineffective in failing to advise movant of his "constitutional right against self-incrimination." Prior to the murder trial of movant, movant testified at an evidentiary hearing held in connection with a motion for new trial filed by Earl Weeks, movant's accomplice in the murder. Weeks had previously been tried and convicted. Before movant testified at the Weeks hearing, the trial judge and attorney Franks separately, and on the record of that proceeding, informed movant of his constitutional privilege against self-incrimination. On cross-examination at that hearing movant, who had been advised by attorney Franks not to testify at all, frequently invoked his Fifth Amendment rights. In the instant proceeding the trial court found that movant "obviously at all times knew his rights under the Fifth Amendment." The trial court also found that movant was willing to testify "irrespective of any Fifth Amendment considerations." Those findings are supported by the record and are not clearly erroneous. Movant's fifth point has no merit.

Movant's sixth point is that attorney Franks did not provide him effective assistance of counsel in that, during the murder proceedings against movant, attorney Franks also represented Earl Weeks, "who had been involved in the same offense which created a conflict of interest, and movant was thereby prejudiced because attorney Franks employed a theory of defense which was contrary to what movant said had happened and was not exculpatory."

Weeks and movant were jointly charged with the murder and a joint preliminary hearing was held. At that hearing attorney Lawrence Johnson represented Weeks and attorney Franks represented movant. After the two men were bound over to the circuit court and jointly charged in an information, movant's motion for severance was granted and the cases were tried separately. The Weeks trial ended on April 5, 1975, and movant's trial began on July 28, 1975. At his trial Weeks was represented by attorney Johnson, as lead counsel, and attorney Franks served as local counsel. See *State v. Weeks*, 603 S.W.2d 657 (Mo.App. 1980). At movant's trial he was represented by attorney Franks and attorney Bruce Kirby.

In *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Court dealt with constitutional aspects of "multiple representation," that is, a situation where two defendants, tried for the same offense, were represented by the same counsel. At 100 S.Ct. 1718, the court said:

■ "Since a possible conflict inheres in almost every instance of multiple representation, a defendant who objects to multiple representation must have the opportunity to show that potential conflicts impermissibly imperil his right to a fair trial. But unless the trial court fails to afford such an opportunity, a reviewing court cannot presume that the possibility for conflict has resulted in ineffective assistance of counsel. Such a presumption would preclude multiple representation even in cases where '[a] common defense ... gives strength against a common attack' " ...

■ "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."

■ Since movant made no objection at the murder trial with regard to the conduct of attorney Franks in representing, with different co-counsel, Weeks and movant at their separate trials, it was incumbent upon movant to demonstrate that an actual conflict of interest adversely affected his lawyer's performance.

In *Strickland v. Washington,* supra, quoted near the outset of this opinion, the court enumerated certain "Sixth Amendment contexts" where "prejudice is presumed." Those contexts included actual or constructive denial of the assistance of counsel altogether and various kinds of state interference with counsel's assistance. The court then said, 104 S.Ct. at 2067:

"One type of actual ineffectiveness claim warrants a similar, though more limited, presumption of prejudice. In *Cuyler v. Sullivan,* 446 U.S., at 345–350, 100 S.Ct. at 1716–1719, the Court held that prejudice is presumed when counsel is burdened by an actual conflict of interest. In those circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. Given the obligation of counsel to avoid conflicts of interest and the ability of trial courts to make early inquiry in certain situations likely to give rise to conflicts, see, e.g., Fed.Rule Crim.Proc. 44(c), it is reasonable for the criminal justice system to maintain a fairly rigid rule of presumed prejudice for conflicts of interest. *Even so, the rule is not quite the per se rule of prejudice that exists for the Sixth Amendment claims mentioned above. Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.' Cuyler v. Sullivan,* supra, 446 U.S., at 350, 348, 100 S.Ct., at 1719, 1718 (footnote omitted)." (Emphasis added).

Weeks did not testify at the Parcel trial and Parcel did not testify at the Weeks trial itself. Against the express advice of attorney Franks, Parcel did testify, briefly, at the evidentiary hearing. There, under questioning by Weeks' attorney Johnson, Parcel testified that "at no time during that weekend [the weekend of the murder] were Weeks, Teitsworth, and I, the three of us, together." Under cross-examination by the prosecuting attorney, Parcel repeatedly invoked the Fifth Amendment but did say that he was not with Weeks "that weekend" and did not know where Weeks was.

At his own trial, Parcel testified in his own behalf. Under cross-examination by the prosecutor he testified that he had lied when he said "Weeks wasn't there" and the reason was that he was "under great duress and fright" caused by Weeks.

At the outset of Parcel's murder trial the court stated, "The defense has this morning announced that it will not rely on a defense of alibi." At the hearing on the instant motion Parcel testified, "I told Franks that I in fact was not present at the time of the [felony murder]." The trial court was not required to believe that testimony. Indeed the trial court found that Parcel "never testified as to what he told attorney Franks the facts were.... Parcel never testified [at the motion hearing] as to

what his 'version' was." The essence of Parcel's trial testimony was that he was a willing accomplice to a burglary but had no intention of participating in a robbery or a murder.

The trial court's findings included the following: "The [state's verdict-directing instruction] required belief that Parcel caused the death of [the victim] by striking her, and he did so in robbing her or in committing a burglary of her home, and acted either alone or knowingly and with 'common purpose' together with Weeks and Teitsworth in the conduct referred to.... [T]he transcript shows that [attorney] Franks wanted the jury to believe that Parcel was a thief but not a murderer; it was reasonably foreseeable that a jury would have been unwilling to convict movant of murder; and Franks' theory of defense was the only reasonable alternative and was one of 'jury nullification'.... In view of the state's strong case against Parcel, there was very little choice but to have Parcel take the stand and tell the jury that he did not intend any killing and was just a burglar. Under the verdict-director, there was at least room for argument that Parcel was not in the 'common purpose'.... This perhaps is no reason under the law to acquit him of murder but it was about all the defense had to argue.... The court believes and concludes that movant has not sustained his burden of proving by preponderance of the evidence that Franks' pursuing the burglary theory (or any of his action[s] or non-action[s]) had any direct connection with Parcel's being found guilty or caused Parcel not to have a fair trial. This is because he would have, in any event, been found guilty regardless of how competent the attorney or what kind of theory might have been adopted."

The foregoing findings are not clearly erroneous. It cannot be properly said that attorney Franks "employed a theory of defense which was contrary to what movant said had happened," because the record does not show "what movant said had happened." Further, there is nothing in the record to show that movant had any version which was in fact "exculpatory."

Movant has failed to show "that an actual conflict of interest adversely affected his lawyer's performance." *Strickland v. Washington*, supra. The trial court found that there was no credible evidence to support movant's claim that he was denied a fair trial because attorney Franks had an impermissible conflict of interest. That finding is not clearly erroneous. Movant's sixth point has no merit.

The judgment is affirmed.

TITUS, P.J., and MAUS, J., concur.

GREENE, J., recused.