**William Floyd HOWARD,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13872.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 17, 1985.

Peter N. Sterling, Public Defender, Rolla, for movant-appellant.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

By motion under Rule 27.26 movant sought to vacate a conviction and sentence for selling marijuana. Respondent filed a motion to dismiss movant's motion. The trial court sustained a portion of respondent's motion to dismiss and made "conclusions of law relating to the order of court dismissing portions of movant's motion". After an evidentiary hearing the trial court denied the remainder of movant's motion. Movant appeals.

Appellate review is to determine whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.-26(j). "The trial court's findings are clearly erroneous only if, after review of the entire record, the court is left with a definite and firm impression that a mistake has been made." *Lockett v. State*, 679 S.W.2d 337, 339 (Mo.App.1984).

As movant's first two points both claim error in the trial court's sustaining in part respondent's motion to dismiss, those points are discussed together. Movant asserts that the court erred in that determination because (1) there were no findings of fact on the contentions dismissed; and (2) the court erred in not allowing an evidentiary hearing on the contentions which were dismissed as they were sufficiently factual in nature to have entitled movant to a hearing.

■ Under point one defendant primarily relies on the portion of Rule 27.26(i) which states that the trial "court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

The dismissals were based on matters of law. There were no facts to be found on those issues and findings of fact on them would have served no purpose. Conclusions of law were made by the trial court. As those conclusions were sufficient to tell if the determinations on the issues dismissed were clearly erroneous, they were sufficient. *Huffman v. State*, 668 S.W.2d 255, 256 (Mo.App.1984).

To be entitled to an evidentiary hearing on a motion to vacate a conviction, a movant must allege facts showing that he is entitled to the relief requested. *Ginnery v. State,* 645 S.W.2d 202, 203 (Mo. App.1983); *Murphy v. State,* 636 S.W.2d 699, 702 (Mo.App.1982); *Morris v. State,* 611 S.W.2d 39, 40 (Mo.App.1980). See also *Page v. State,* 632 S.W.2d 293, 294–295 (Mo.App.1982).

As a matter of law the issues dismissed by the court without evidentiary hearing failed to set forth valid claims for relief. Even if those contentions were factually correct, movant was not entitled to have the conviction and sentence vacated because of them. Therefore, the trial court did not err in dismissing those contentions. Points one and two are denied.

Movant contends in his third point that denying his motion was clearly erroneous as his trial counsel in the criminal case was ineffective in failing "to pursue a defense of insanity, incompetency, or diminished capacity" and in failing to interview and subpoena prospective witnesses.

In order to establish ineffective assistance of counsel, movant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Smith v. State,* 674 S.W.2d 638, 640 (Mo.App.1984). This was not shown here.

Before counsel can be deemed ineffective for not pursuing a defense of mental disease or defect, movant must show the existence of a factual basis indicating his mental condition was questionable, which should have caused the attorney to initiate an independent investigation. *Ginnery v. State,* supra, 645 S.W.2d at 203. The record here does not reveal that such a factual basis existed.

Movant's attorney in the criminal trial testified at the hearing on movant's motion. Her testimony indicated that she properly pursued every defense made known to her and that she sought out all witnesses of which she was advised. The trial court found that movant's counsel "made good faith efforts to locate and interview all witnesses given to her by Movant". The trial court believed movant's trial attorney and we cannot say this finding was clearly erroneous. Assessing the credibility of the witnesses was for the trial court. *Menees v. State,* 693 S.W.2d 334, 335 (Mo.App.1985). Movant's third point is denied.

Movant contends in his fourth point that the court erred in not sustaining his motion because the trial judge in the criminal trial failed to appoint a psychiatrist to examine movant as to his competency to proceed. Movant claims that his conduct during the criminal proceedings required the court to order such an examination.

As movant asserts, if a judge at any stage of the proceedings has reasonable cause to believe that a defendant has a mental defect or disease preventing fitness to proceed, a psychiatric examination must be ordered and, if necessary thereafter, a hearing held to make a determination on that question. § 552.020.2, RSMo 1978. (Since amended, see § 552.020.2, RSMo Supp.1984); *State v. Moon,* 602 S.W.2d 828, 835 (Mo.App.1980). The trial court, however, is vested with broad discretion with regard to ordering the mental examination. *State v. Beal,* 602 S.W.2d 22, 23 (Mo.App. 1980).

Defendant cites *State v. Moon, supra,* but in that case the defendant's conduct at trial was much more unusual than anything indicated here. The only indication in this record that movant might have had mental problems affecting his ability to proceed in the criminal proceeding is testimony that prior to sentencing, when visiting with the district supervisor of the Board of Probation and Parole, that movant "ranted, and raved", and "ate" the presentence investigation report made on him. For all we can tell, that could have been an attempt by him to manufacture a ground to set aside the conviction. No abuse of discretion was shown in not order-

ing a psychiatric examination. This point is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.