William Clayton **SHELTON**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 38070.

Missouri Court of Appeals, Western District.

Dec. 30, 1986.

Rehearing Overruled March 3, 1987.

Joseph H. Locascio, Special Public Defender, Daniel C. Miller, Asst. Special Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, C.J., GAITAN, P.J., and TURNAGE, J.

TURNAGE, Judge.

Shelton pleaded guilty to charges of first degree burglary and stealing over $150 and he was sentenced, in accordance with a plea agreement, to consecutive terms of seven and three years imprisonment, respectively. He subsequently filed a Rule 27.26 motion, which was overruled without an evidentiary hearing. The only point on appeal asserts that Shelton believes that the court erred in denying his motion, because he did not make an intelligent decision to plead guilty. Affirmed.

This case presents the recurring problem of the duty of counsel on appeal to present issues thought by the criminal defendant to have merit, but which counsel, in the exercise of professional judgment, does not believe are worthy to be presented on appeal.

In this case counsel filed a brief in which it is clear that the sole point is presented only because of Shelton's insistence. In fact, the brief neither cites authority nor makes any argument on the merits of the point raised. Rather, the brief quotes *State v. Zeitvogel*, 649 S.W.2d 945, 948 (Mo.App.1983), in which this court stated that when a client insists on a point being presented on appeal, despite the protest by counsel that it is groundless, counsel need not "brief the unbriefable." The *Zeitvogel* court stated that counsel need not compromise professional standards to satisfy a caprice of the defendant, but the court is nevertheless entitled to have the point presented. *Id.*

Subsequent to the *Zeitvogel* decision, the United States Supreme Court decided *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), which clarified the respective roles of assigned counsel and accused in appeals of indigents' cases. The *Jones* Court reiterated that the accused has the ultimate authority to make certain fundamental decisions regarding his case, such as whether to plead guilty, to waive a jury, to testify, or to appeal. *Id.* at 751, 103 S.Ct. at 3312. But the *Jones* court went on to state that in earlier cases requiring the state to provide counsel for an indigent on his first appeal, the Supreme Court "recognized the superior ability of trained counsel in the examination into the record, research of the law, and marshalling of arguments on [the appellant's] behalf". 463 U.S. at 751, 103 S.Ct. at 3312. The *Jones* Court said that a rule allowing an accused to decide which issues would be presented on appeal would seriously undermine counsel's ability to present the appeal in accordance with counsel's professional judgment. The *Jones* Court emphasized a truth well known to every appellate court— that to present on appeal every colorable issue is often to risk obscuring the few truly meritorious issues. The Court stated:

> Neither *Anders* [*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 439 (1967)] nor any other decision of this Court suggests ... that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.

463 U.S. at 751, 103 S.Ct. at 3312.

The *Jones* Court interpreted *Anders* as recognizing counsel's duty to support an appeal to the best of his ability, but the *Jones* Court also acknowledged that to require counsel to raise every colorable claim suggested by the accused would defeat the goal of vigorous and effective advocacy underlying *Anders*.

It is clear from *Jones* that the reason for requiring appointment of counsel on appeal is to obtain the benefit of the skill and expertise of one trained in the law. It is also clear from *Jones* that the desire of the accused to present certain issues is not to preempt counsel's professional judgment on which issues to raise and brief. In light of this discussion in *Jones*, the *Zeitvogel* directive that counsel include claims of error proposed by the client, without the benefit of legal research and proper briefing, is no longer viable.

Counsel in this case has followed the *Zeitvogel* directive in the apparent belief that *Zeitvogel* still applies. By doing so, counsel placed on the state the burden of fully briefing the contention that Shelton did not make an intelligent decision to

plead guilty. The state has done that in an admirable fashion. However, this court will no longer place on the state the burden of properly briefing an issue which counsel states has simply been raised at the request of the accused, but is not briefed. If counsel presents a point on appeal, it must be in compliance with the rules regarding appellate briefs.

This court recognizes counsel's dilemma in taking an appeal which counsel believe to be meritless, but which the accused has insisted on (as is his right under *Jones*). The American Bar Association Standards for Criminal Justice Standard 21–3.2 (2d ed. 1980) states that appellate counsel should endeavor to persuade the client to abandon a wholly frivolous appeal. The commentary to Standard 21–3.2 states that "[c]ounsel has the professional duty to give to the client fully and forcefully an opinion concerning the case and its probable outcome." Nevertheless, Standard 21–3.2 states that if the accused chooses to proceed with the appeal against the advice of counsel, counsel should present the case, so long as such advocacy does not involve deception of the court. When counsel cannot continue without misleading the court, counsel may request permission to withdraw.

In short, while it is for the accused to decide whether to appeal, it is for counsel to decide what issues to brief. It follows that the points counsel chooses to raise should be properly briefed in compliance with the rules of court.

Although Shelton's brief does not comply with the rules, this court has reviewed the record and finds that the extensive findings of fact and conclusions of law filed by the trial court are not clearly erroneous.

The state makes some contention that the appeal is untimely, but an examination of the record reveals that it was in fact timely filed.

The judgment is affirmed.

All concur.