Terry McINTYRE, Appellant,

v.

STATE of Missouri, Respondent.

No. 54262.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 9, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Beverly A. Beimdiek, Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant was convicted by a jury of first degree robbery and flourishing a dangerous weapon. He was sentenced to concurrent prison terms of fifteen and five years. His convictions and sentences were affirmed in *State v. McIntyre*, 654 S.W.2d 188 (Mo.App.1983).

Movant raises three points in this appeal. He claims his motion for post-conviction relief was improperly denied in that: (1) his trial counsel coerced him not to testify in his own behalf; (2) his trial counsel was ineffective for failure to investigate a witness; and (3) his counsel's errors as stated in (1) and (2) precluded the submission of an instruction on a lesser included offense to the robbery charge.

On July 10, 1981, movant went to a car dealership, where he test drove two cars. While the salesman was driving on the test drive of the second car, the movant indicated it was his turn to drive, and pointed a small handgun at the salesman. The salesman pulled into a parking lot and exited the car. Movant walked around to the driver's side, got in and drove away. The salesman reported the robbery. A police officer spotted movant and pursued him to a gas station, where movant's car collided with a light standard. Movant fled the car and ran toward a wooded area. The officer shouted for movant to stop. Movant turned and pointed a gun at the officer. The officer fired twice at movant, who turned and fled into the woods. Movant was found and arrested a short time later. No gun was recovered.

At the original trial, the State introduced testimony of the arresting officer, the car salesman, and the officer who pursued movant into the gas station. Movant expressed to counsel his desire to testify he had not used a gun to steal the car and had not flourished a gun at the police officer. Counsel advised movant this would be an admission to some of the elements of the robbery and would allow the State to introduce movant's prior felony convictions. Movant continued to insist on testifying.

Following the close of the State's evidence, both defense counsel and prosecutor requested a record be made to show defense counsel had advised movant he did not have to testify, and his prior convictions would be introduced to impeach him. Such record was made out of the presence of the jury. Movant told the court he desired to testify, notwithstanding his counsel's advice and the State's intent to impeach. He stated since one of his prior convictions was tampering with an auto, he believed it would actually aid his case, because, while it admitted movant did steal cars, he didn't steal them with guns. The court recessed for five minutes. During the recess, counsel told movant's mother movant should not take the stand. Movant's mother entered the courtroom and begged movant to remain silent. Following the recess, movant related to the court he had changed his mind and had decided not to testify. The defense offered no evidence, and rested.

■ Movant asserts his counsel coerced him to waive his right to testify. He contends counsel enacted this coercion through repeated discouragements, requiring him justify to the trial court of his choice to testify and by enlisting the aid of movant's mother to convince movant to not take the stand. Counsel's attempt to discourage movant from testifying was sincere advice on a question of trial strategy, and was effective assistance of counsel. *State v. Turner*, 623 S.W.2d 4, 12 [14, 15] (Mo. banc 1981). The original trial record shows movant knew he was not obligated to testify, he could be impeached by his prior convictions, and that his counsel had fulfilled his duty to so advise him. In essence, the record shows movant made an informed choice to testify. Neither did the additional influence exerted on movant by his mother rise to a level of legal coercion. *Cf. Williams v. State*, 718 S.W.2d 542, 544[4]

(Mo.App.1986). (Where defendant's mother convinced defendant to accept plea bargain at defense counsel's request was not coercive.) Movant's decision to remain silent was his own, based upon good advice of his counsel and his mother.

■ For his second point, movant asserts his attorney was ineffective for not investigating the gas station attendant as a potential witness. He claims after his car struck the light standard outside the gas station, the attendant ran out and observed movant run from the car, and the attendant would have testified movant did not have a gun. Movant testified at the Rule 27.26 hearing he had advised counsel of this witness prior to trial. Counsel could not recall being notified of this witness, but admitted this witness was not investigated nor called at trial. This unnamed witness was not present at the 27.26 hearing. Movant said he could not locate him.

To prove ineffective assistance of counsel for failure to investigate a witness, movant must prove the witness's testimony would have provided a viable defense. *Johnson v. State*, 738 S.W.2d 498, 499[2] (Mo.App.1987). Movant offered only his own testimony as to what he believed the attendant would have said. Credibility was for the Rule 27.26 court. Such self-serving conjecture of what this unnamed witness might have testified to was insufficient to prove the prejudice required for ineffective assistance of counsel. *Smith v. State*, 714 S.W.2d 778, 781[4] (Mo.App.1986).

Finally, movant asserts he was entitled to an instruction on lesser included offenses to robbery because of his counsel's failures as alleged by him in points one and two. Since this point rests on the success of points one and two, it fails.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.