Lloyd SCHLUP, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 40341.

Missouri Court of Appeals,
Western District.

May 30, 1989.

---

Melinda P. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., BERREY, J., and COVINGTON, Special Judge.

PER CURIAM:

This is an appeal from the denial, following an evidentiary hearing of appellant's Rule 27.26 motion for post-conviction relief. Appellant contends that the trial court erred in overruling his claim of ineffective assistance of counsel.

The sentence is vacated, and the case is remanded to the trial court with instructions to re-sentence movant, after which he may prosecute an appeal.

Appellant, who was an inmate at the Missouri State Penitentiary in Jefferson City, was charged with first degree assault as a result of the stabbing of his cellmate. A few weeks later, he filed a motion to discharge his public defender, and he sought leave of the court to represent himself. The trial court allowed appellant to proceed *pro se*, and appellant began filing motions to compel discovery and endorse certain witnesses.

At a subsequent hearing, the court asked appellant if he would accept a court-appointed attorney who was not with the public defender's office. The court suggested that appellant accept the appointment of Alden A. Stockard, a former Commissioner of the Missouri Supreme Court. As a retired judge practicing law, Judge Stockard was obligated to serve as an appointed counsel when requested to do so by the court. Appellant agreed to this arrangement, and Judge Stockard was appointed by the court to be appellant's attorney.

Following a jury trial, appellant was convicted and sentenced as a persistent offender to life imprisonment. No appeal was taken from his conviction and sentence.

Appellant then filed the present Rule 27.26 motion, claiming that Judge Stockard rendered ineffective assistance of counsel. His motion was overruled after an evidentiary hearing.

As his first point on appeal, appellant contends that he was denied effective assistance of counsel because Judge Stockard effectively thwarted him from appealing his conviction. The evidence produced at the Rule 27.26 hearing shows that appellant informed Judge Stockard of his desire to appeal, but Judge Stockard responded by saying that an appeal would have no merit, and that his appointment to represent appellant did not include the taking of an appeal. It is clear from the record that Judge Stockard never got appellant's assent to the abandonment of the appeal.

Appellant argues that, not only did Judge Stockard refuse to appeal the conviction, he was also negligent because he did not formally withdraw and inform the court of the matter so that another attorney could be appointed to represent appellant on appeal. Appellant contends that Judge Stockard, as appellant's court-appointed attorney, was obligated to act on appellant's desire to appeal, even if he was unwilling to handle the appeal himself. At the very least, appellant argues, he should have taken the procedural steps to insure that someone else would handle the appeal.

At the evidentiary hearing on the Rule 27.26 motion, Judge Stockard acknowledged that he had told appellant that he did not believe that there were any grounds for appealing the conviction, and that his appointment did not include the taking of an appeal. However, he also told appellant that, if appellant wanted to appeal, appellant would have to find another attorney. He informed appellant that, if appellant thought there was a basis for an appeal, he should be specific in his request and he would pass that information to whomever appellant wanted it passed to.

We conclude that Judge Stockard's conduct constituted ineffective assistance of counsel. As appellant's court-appointed attorney, he had the obligation to either file

an appeal on behalf of appellant or request permission from the court to withdraw as his attorney. Such an obligation is described in *Shelton v. State*, 724 S.W.2d 274 (Mo.App.1986). The *Shelton* court observed that, under *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)—which clarified the respective roles of assigned counsel and the accused in the appeal of indigents' cases—the accused has the ultimate authority to make certain fundamental decisions regarding his case, including whether to appeal. *Shelton*, 724 S.W.2d at 275. Then, the *Shelton* court held as follows:

> This court recognizes counsel's dilemma in taking an appeal which counsel believe to be meritless, but which the accused has insisted on (as is his right under *Jones*).... Nevertheless ... if the accused chooses to proceed with the appeal against the advice of counsel, counsel should present the case, so long as such advocacy does not involve deception of the court. When counsel cannot continue without misleading the court, counsel may request permission to withdraw.

274 S.W.2d at 276. Thus, under the principle expressed in *Shelton*, Judge Stockard had the choice of either proceeding with the appeal or withdrawing from the case. He did neither.

An appointed counsel's obligation to either file an appeal or withdraw from the case is also embodied in section 600.044, RSMo 1986, which was in effect at the time of Judge Stockard's appointment. Section 600.044 provides that

> [a] defender who undertakes to represent an eligible person shall continue to do so at every stage of the case or proceeding, including the filing of a motion for new trial and the processing, briefing, and argument of an appeal, until the defender is relieved of his duties by the director or is permitted by a court to withdraw.

Section 600.011, RSMo 1986, defines "defender" as including both "attorneys which serve as staff attorneys in the state defender system and assigned counsel who provide defense services on a case basis."

Judge Stockard was assigned to provide defense services to appellant on a case basis; thus, this statutory scheme includes his situation.

We conclude that Judge Stockard's failure to either file the appeal or move to withdraw from the case constitutes ineffective assistance of counsel. Since his ineffectiveness consists of a failure to take or perfect an appeal, a showing of prejudice is not required. *Chastain v. State*, 688 S.W.2d 58, 60 (Mo.App.1985).

The proper remedy in this situation is to vacate the sentence and remand the case to the trial court for resentencing, with the time for appeal commencing from the date of the resentencing. *Morris v. State*, 603 S.W.2d 938, 941 (Mo. banc 1980); *State v. Frey*, 441 S.W.2d 11, 15 (Mo.1969). In addition, appellant seeks the additional relief of being allowed to file another motion for a new trial at that time. (Following appellant's trial, his counsel had duly filed a timely motion for a new trial, which was overruled by the trial court.) Had appellant alleged and proved that his counsel was ineffective for failing to file any motion for a new trial on his behalf, such relief might be appropriate. *See State v. Smith*, 598 S.W.2d 118, 123 (Mo.1980); *Morris v. State*, 603 S.W.2d at 941 n. 3. However, where the ineffectiveness is limited to a failure to file the appeal only, the remedy must be restricted to a second chance at the appeal only.

■ As his second point on appeal, appellant claims that his counsel was ineffective for failing to seek the discovery of certain documents prior to trial, for failing to investigate and interview certain witnesses, for failing to object to certain testimony and argument at trial, and for failing to conduct an adequate voir dire of the jury.

In his brief, appellant refers to a number of documents which he contends that his counsel failed to discover. First, he claims that he made no effort to obtain reports of blood and urine samples which were allegedly taken from appellant following the incident. According to appellant, such reports would have been helpful to his de-

fense at trial because they would have corroborated his testimony that he and the victim were smoking marijuana together just before the incident.

However, we find that appellant was not prejudiced by the alleged failure of Judge Stockard to obtain any such reports. Appellant has not presented us with any convincing explanation as to how this evidence of marijuana smoking would have aided appellant's defense of self-defense at trial. In order to establish ineffective assistance of counsel, appellant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Howard v. State*, 698 S.W.2d 23, 25 (Mo.App.1985). This was not shown here.

■ Appellant also claims his counsel was ineffective because he made no effort to obtain the prison medical officer's report of the injuries and treatment received by appellant as a result of the incident. Appellant contends that the State relied primarily on the disparity between the serious injuries suffered by the victim and the minor injuries suffered by appellant in making its claim that appellant did not act out of self-defense. Appellant argues that, because of the importance of the issue of the injuries he suffered, his attorney should have tried to obtain the official medical report on those injuries.

However, appellant himself testified at trial that the only injury he received in the incident was a cut on the inside of his hand which was not serious enough to require stitches. In light of appellant's own testimony about the minor nature of the injuries he suffered, we cannot find that he was prejudiced by counsel's alleged failure to obtain the medical officer's report. In other words, appellant has not shown a reasonable probability that, had counsel obtained and produced the report, the result of the proceeding would have been different. *Howard v. State*, 698 S.W.2d at 25.

■ Appellant also claims that his counsel was ineffective because he did not try to obtain the classification and assignment sheets of the victim. Appellant argues that these documents would have recorded appellant's prior requests to be transferred out of the cell which he shared with the victim. Such evidence of prior friction between appellant and the victim, appellant argues, would have aided in his claim of self-defense.

However, considering the totality of the evidence before the fact-finder, we are unable to conclude that, had counsel obtained and produced these documents, the result of the proceedings would have been different. *Id.; Richardson v. State*, 719 S.W.2d 912, 916 (Mo.App.1986). Therefore, appellant's contention is overruled.

■ As his next claim of ineffective assistance of counsel, appellant claims his counsel failed to interview and investigate certain witnesses. First, appellant argues that counsel was ineffective for failing to interview and investigate the victim, Larry Wickizer. However, to prove ineffective assistance of counsel for failure to investigate a witness, appellant must prove that the witness' testimony would have provided a viable defense. *McIntyre v. State*, 760 S.W.2d 507, 509 (Mo.App.1988). In his testimony at the Rule 27.26 hearing, appellant was unable to make such a showing; instead, he could only speculate that, if called as a witness at trial, Wickizer might have broken down on the stand and changed his story. Mere conjecture as to what a potential witness' testimony might have been is insufficient to prove the prejudice required for ineffective assistance of counsel. *Id.; Smith v. State*, 714 S.W.2d 778, 781 (Mo. App.1986).

■ Appellant also claims that counsel was ineffective for failing to interview and investigate James Stout and Mark Rogers, who were two of appellant's fellow inmates at the Missouri State Penitentiary. Rogers was produced at appellant's trial, and testified on appellant's behalf. Rogers also appeared at the Rule 27.26 hearing, and testified that he had had no conversations with Judge Stockard prior to taking the stand at appellant's trial. However, appellant does not explain how he was prejudiced by Judge Stockard's alleged failure to meet with Rogers, and appellant has not

shown a reasonable probability that, had he met with Rogers prior to trial, the result of the proceeding would have been different. Consequently, he has not established ineffective assistance of counsel. *Howard v. State,* 698 S.W.2d at 25.

Stout did not even appear at the Rule 27.26 hearing. Appellant offered only his own testimony as to what Stout would have added to his defense at trial. Appellant's own testimony as to what Stout might have said on his behalf is insufficient to prove the prejudice required for ineffective assistance of counsel. *McIntyre v. State,* 760 S.W.2d at 509.

Appellant also claims his counsel was ineffective for failing to interview and investigate Dr. Alan R. Doerhoff and Dr. Carl Baker, two of the State's witnesses. However, appellant makes no substantive argument as to how he was prejudiced by Judge Stockard's alleged failure to investigate these witnesses. In the absence of a showing of prejudice, appellant's claim must fail. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

■ As his next claim of ineffective assistance of counsel, appellant contends that Judge Stockard failed to object to certain testimony and argument at trial. First, appellant argues that he was ineffective for failing to object when the State called Dr. Doerhoff, an unendorsed witness, to testify as to the injuries suffered by the victim in the incident. Appellant also claims that he was ineffective for failing to object when Dr. Doerhoff made the following speculation about the wound that appellant inflicted on the victim's neck:

Q. How close did that wound get to the artery?

A. It was just a matter of direction. If it had been directed differently, it would have cut the artery probably.

However, the failure to object constitutes ineffective assistance of counsel only where the testimony is of such a character that it results in a substantial deprivation of the accused's right to a fair trial. *Stuckey v. State,* 756 S.W.2d 587, 591 (Mo. App.1988). We do not find that Judge Stockard's failure to object to Dr. Doerhoff

or his testimony resulted in a substantial deprivation of appellant's right to a fair trial.

■ Appellant also claims his counsel was ineffective for failing to object to certain comments made by the prosecutor during his closing argument. According to appellant, the prosecutor urged the jury to ignore the instruction on the lesser included offense of second degree assault, and to either find appellant guilty of first degree assault or to find him not guilty. Appellant also contends that the prosecutor made improper derogatory remarks about appellant's witnesses, including such comments as "bless his cold-blooded heart" and "that presupposes, number one, they believe in God, which you can pitch out the window, considering their background."

Assuming, *arguendo,* that the prosecutor made improper remarks, Judge Stockard's failure to object still does not merit relief under Rule 27.26. A mere failure to object does not constitute ineffective assistance of counsel. *Joiner v. State,* 621 S.W.2d 336, 338 (Mo.App.1981). To justify relief under Rule 27.26, the failure to object must have been of such character as to deprive appellant substantially of his right to a fair trial. *Parcel v. State,* 687 S.W.2d 621, 625 (Mo.App.1985). Appellant has not shown that such a deprivation occurred in the case at bar.

■ Appellant also claims his counsel was ineffective for failing to object when the prosecutor questioned him about his prior convictions for sodomy and assault. Appellant concedes that evidence of a defendant's prior convictions is admissible to impeach his credibility. But in this case, appellant argues, the prosecutor used the evidence to attack his character by portraying him as violent and homosexual. And, appellant claims, Judge Stockard was also ineffective for failing to object when, during closing argument, the prosecutor again used the evidence of these convictions to attack appellant's character.

At the Rule 27.26 hearing, Judge Stockard testified that he refrained from objecting to this evidence of prior convictions

because of strategic considerations. He stated that, had he objected to such disclosure, he would have given the jury the impression that he was trying to conceal something from them.

This court addressed a similar situation in *Williamson v. State*, 628 S.W.2d 895, 897 (Mo.App.1981). There, the Rule 27.26 movant argued that his trial counsel was ineffective for failing to object to the state's cross-examination, which he claimed went too far into the details of his prior convictions. The *Williamson* court found that the trial counsel's failure to object was a matter of trial strategy, based on the attorney's testimony at the Rule 27.26 hearing, which suggested that the trial counsel did not object because he didn't want to draw attention to the prior convictions. The *Williamson* court denied relief, holding that "[a]llegations of ineffectiveness which relate to trial strategy are not cognizable under Rule 27.26." 628 S.W.2d at 898. We reach the same conclusion in the case at bar.

Appellant's final claim of ineffective assistance of counsel is that his counsel failed to conduct an adequate voir dire examination of the jury. However, appellant has failed to show a reasonable probability that, had Judge Stockard conducted a more extensive voir dire examination, the outcome of the trial would have been different. Consequently, appellant has failed to establish ineffective assistance of counsel. *Howard v. State*, 698 S.W.2d at 25.

As his third point on appeal, appellant claims that the trial court erred in failing to enter specific findings of fact and conclusions of law on the issue of whether appellant was denied his constitutional right to represent himself at trial. Appellant has requested that we remand the case to the trial court with directions to enter specific findings of fact and conclusions of law on this issue.

We have found appellant's third point to be meritorious. Consequently, on April 24, 1989, we ordered the trial court to make findings of fact and conclusions of law on the issue of appellant's right to self-representation. On May 4, 1989, the trial court entered such findings and conclusions, which are sufficient to permit appellate review of this issue.

Thus, we may now proceed to appellant's fourth point on appeal, in which he contends that the trial court prevented him from proceeding *pro se* at trial, in violation of his constitutional right to self-representation. Appellant contends that his initial attempts at self-representation were thwarted by the trial court's failure to rule on his *pro se* motions to compel discovery and to endorse witnesses. Because the trial court refused to rule on his *pro se* motions, appellant argues, he was forced into accepting Judge Stockard as his court-appointed attorney.

However, there is no support for appellant's contention in the record. Instead, the record shows that appellant appeared before the trial court at a pre-trial hearing and stated, without complaint or reservation, that he was accepting Judge Stockard as his court-appointed counsel. Furthermore, at appellant's Rule 27.26 hearing, Judge Stockard testified that, during his appointment as appellant's attorney, appellant never indicated that he wanted to proceed *pro se*, and appellant never objected to his representation of him.

The allegations of a Rule 27.26 movant are not self-proving; rather, the movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Pool v. State*, 670 S.W.2d 210, 211 (Mo.App.1984). Appellant has failed to demonstrate that he was denied his right to self-representation by being forced to accept Judge Stockard's representation against his will. Appellant's fourth point is overruled.

Accordingly, we vacate the sentence and remand the case to the trial court for resentencing, with the time for appeal commencing to run from the date of the resentencing.