Sherry E. HOARD, Appellant,

v.

OCWEN LOAN SERVICING,
LLC, Appellee.

No. 2010–CA–001823–MR.

Court of Appeals of Kentucky.

Dec. 9, 2011.

Sherry E. Hoard, pro se, Louisville, KY,
for Appellant.

Jacqueline K. Heyman, Christopher M.
Hill, Frankfort, KY, for Appellee.

Before MOORE, NICKELL, and
THOMPSON, Judges.

*OPINION*

MOORE, Judge:

Sherry E. Hoard appeals a judgment of
foreclosure from Jefferson Circuit Court in
favor of Ocwen Loan Servicing, LLC. Af-
ter careful review, we vacate and remand
for further proceedings.

The relevant factual and procedural his-
tory of this matter is relatively straight-
forward. On May 6, 2009, Ocwen Loan
Servicing, LLC, filed a complaint of fore-
closure in Jefferson Circuit Court alleging
that it was the holder of a promissory note
from Sherry E. Hoard, that the note was
secured by a mortgage on property locat-
ed in Louisville and held by Hoard, and
that Hoard was in default of her obli-
gations under the note. Ocwen also added
the following parties as defendants, alleg-
ing that they had a potential interest in its
action: the "unknown spouse of Sherry E.
Hoard"; Capital Investors Group, LLC;
Commonwealth of Kentucky, Education

Cabinet, Division of Unemployment Insurance; and the Louisville/Jefferson County Metro Government.

On July 1, 2009, a warning order attorney was appointed to notify Hoard of Ocwen's complaint and that she had "50 days from the date of [his] appointment to file a response to the Complaint." Thereafter, on September 4, 2009, Hoard filed an answer denying the balance of Ocwen's complaint except for Ocwen's allegation that the Louisville/Jefferson County Metro Government also had an interest in the action. The circuit court made no finding that Hoard's answer was untimely.

Nevertheless, on April 12, 2010, Ocwen filed a "motion for default judgment, judgment on the pleadings, and order of sale." Ocwen's motion asked for judgment on the pleadings against the Education Cabinet and Capital Investors Group. But, as it related to Hoard, Ocwen stated only that it

[M]oves pursuant to the authority of Civil Rule 55 for a judgment by default against the Defendant(s), Sherry Hoard Long a/k/a Sherry Elaine Hoard, and Unknown Spouse Sherry Hoard Long [sic] a/k/a Sherry Elaine Hoard, in accordance with the demand of its Complaint. The undersigned certifies that no answer, defensive pleadings, motions or papers of any kind have been served on counsel by or on behalf of the Defendant(s), Sherry Hoard Long a/k/a Sherry Elaine Hoard, and Unknown Spouse of Sherry Hoard Long a/k/a Sherry Elaine Hoard.

On May 17, 2010, the circuit court's master commissioner filed his report in this matter. The master commissioner acknowledged that Hoard had answered Ocwen's complaint, but noted that Hoard had failed to respond to Ocwen's April 12, 2010 motion, and that "A party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact," and that summary judgment against Hoard was therefore appropriate.

On June 4, 2010, the circuit court entered a judgment and order of sale. In particular, the circuit court found that Hoard and her unknown spouse "have asserted no claim or interest of any type in the real property described in the Plaintiff's Complaint." The circuit court's order directed Hoard to pay Ocwen the outstanding balance of the promissory note at issue, and further adjudged a lien in favor of Ocwen on Hoard's above-referenced property.

Hoard timely moved, per CR [1] 59.05, to set aside the circuit court's judgment and order of sale. Hoard stated that she had chosen not to respond to Ocwen's motion because the record clearly revealed Ocwen had misrepresented that she had failed to file an answer and that default judgment was improper because she had indeed denied the substance of Ocwen's complaint. Hoard also asserted that Ocwen had lacked standing to file this action and requested an opportunity to conduct discovery regarding whether Ocwen was a real party in interest in this matter. Ocwen offered no response to Hoard's motion.

Subsequently, the circuit court referred Hoard's motion to its master commissioner. On July 19, 2010, the master commissioner responded with another report. As to Hoard's argument that default judgment was inappropriate, the master commissioner stated:

[Hoard's] first argument is that Judgment should not have been entered as Defendant answered the Complaint and was not in default. [Hoard's] argument

is moot as she was not adjudged in default. Plaintiff moved for Judgment against the Movant pursuant to CR 12.03 (Judgment on the Pleadings). As new exhibits were tendered to the Court with that Motion for Judgment, pursuant to CR 12.03, your Commissioner deemed the matter a Motion for Summary Judgment pursuant to CR 56 and treated it accordingly. Movant, notwithstanding her present objections, did not make any response to the Motion for Judgment within the time allowed … and Judgment on the Pleadings was properly entered against her.

As to Hoard's argument regarding Ocwen's standing to sue, the master commissioner stated:

[Hoard's] second objection is that [Ocwen] is not the real party in interest herein. The evidence in the record establishes that the subject note was originally in favor of Stock Yards Bank, but was subsequently negotiated to Countrywide Bank, then to Countrywide Home Loans, then to Bank of America which negotiated the note to Ocwen Loan Servicing, the Plaintiff herein. The subject mortgage was originally in favor of Mortgage Electronic Registration Systems (MERS), which entity assigned the mortgage to Ocwen Loan Servicing, the Plaintiff herein. Plaintiff has submitted proper evidence to the Court establishing that it is the present holder of both the note and mortgage and entitled to enforce same.

There is no evidence in the record nor was any introduced with this Motion which would call into question the validity of any of the loan documents in this action or the assignments thereof. Plaintiff has made a prima facie case for foreclosure, accompanied by proper evidence, and is entitled to Judgment.

On August 31, 2010, the circuit court adopted the master commissioner's report and cited its reasoning as the basis for overruling Hoard's CR 59.05 motion.

This appeal followed, and among the issues Hoard raises before us, the dispositive issues are: 1) the nature of Ocwen's April 12, 2010 motion as it relates to Hoard; and 2) whether Ocwen's motion was properly converted into a motion for summary judgment.

■ As to the first issue, Ocwen's motion was not for judgment on the pleadings, per CR 12.03; rather, it was by its own strict terms a motion for default judgment, per CR 55.01. A trial court may properly enter a default judgment in two circumstances: (1) when a defendant does not appear at all; or (2) when a defendant who has appeared in the action fails to defend as the Rules require. CR 55.01. ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply to the court therefor."). Here, Hoard did not fail to plead because she filed an answer. Moreover, nothing in the record or from the trial court indicates that Hoard's answer was in any way deficient. Accordingly, the trial court could not have properly entered default judgment against Hoard and, if it had, it would have erred in overruling Hoard's motion to set it aside.

■ As to the second issue: unlike CR 12.02 and CR 12.03, nothing in CR 55.01 allows a motion for default judgment to be converted into a motion for summary judgment. Indeed, a motion for default judgment is not even a proper vehicle to test the legal sufficiency of pleadings, *Kearns v. Ayer*, 746 S.W.2d 94, 95 (Ky. App.1988), let alone the strength of the evidence supporting those pleadings.

In short, we are left with the conclusion that the trial court could not have relied upon Ocwen's motion as a basis for entering summary judgment against Hoard, and that it did so instead upon its own motion. In fairness, this Court has recognized that a trial court may grant summary judgment *sua sponte,* but

> this authority is limited to those situations where [ (1) ] a motion for summary judgment has been made by some party to the action, [ (2) ] the judge has "all of the pertinent issues before him at the time the case is submitted," [*Green v. Bourbon County Joint Planning Comn.,* 637 S.W.2d 626, 630 (Ky.1982) ] and [ (3) ] "where overruling the [movant's] motion for summary judgment *necessarily would require* a determination that the [non-moving party was] entitled to the relief asked." [*Collins v. Duff,* 283 S.W.2d 179, 183 (Ky.1955) (Emphasis added) ].

*Storer Communications of Jefferson County, Inc. v. Oldham County Board of Education,* 850 S.W.2d 340, 342 (Ky.App. 1993). However, like the *Storer* Court, we find no authority that allows a trial court to circumvent the civil rules and enter summary judgment *sua sponte* where, as here, the legal issues have not been submitted for determination. *Id.*

For these reasons, the Jefferson Circuit Court's judgment in favor of Ocwen and against Hoard is hereby vacated, its order of sale relating to that judgment is similarly vacated, and this matter is remanded for further proceedings not inconsistent with this opinion, including, but not limited to, addressing the issue of Ocwen's standing.

ALL CONCUR.