RENDERED: AUGUST 1, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0808-MR

MERCEDES LOPEZ[1]                                                    APPELLANT

v.
                APPEAL FROM BOYD CIRCUIT COURT
                HONORABLE GEORGE DAVIS, III, JUDGE
                ACTION NO. 22-CI-00680

JOSE GARCIA                                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

KAREM, JUDGE:  Mercedes Lopez[1] appeals from the Boyd Circuit Court's

Findings of Fact, Conclusions of Law, and Judgment entered in this action brought

---

[1] The appellant's name appears in the record as Mercedes Lopez-Quintero and Mercedes Quintero Lopez.  We have used the name which appears in the Notice of Appeal.

by her business associate, Jose Garcia.[2]  Lopez contends the judgment should be reversed because she did not receive adequate notice of a hearing conducted by the circuit court prior to entry of the judgment.  Upon careful review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2020, Lopez and Garcia formed Mi Tierra Foods, LLC, a limited liability company registered in Kentucky and Ohio.  Lopez and Garcia were the sole members and owners of the LLC and there was no written operating agreement.  Their main business activities involved restaurants and restaurant supplies.  Mi Tierra LLC purchased a warehouse for $300,000 and land for $400,000.

On September 30, 2022, Garcia filed a complaint against Lopez, alleging she had failed to repay or contribute funds to pay the mortgage on the warehouse; used funds from the business for personal purchases without Garcia's consent; refused to repay loans Garcia had made to her in amounts exceeding $100,000 and $263,000; and breached the duty of loyalty, good faith, and fair dealing.  The complaint sought an accounting, contribution, and repayment of the

---

[2] The Introduction to the appellant's brief characterizes this as a dissolution of marriage case involving the division of military retirement benefits.  There is no evidence in the record that the parties were ever married; Garcia denies they were ever married; and the appellant's brief makes no further reference to a dissolution action.  It appears that the Introduction pertains to a different case and was inadvertently placed in the appellant's brief by appellant's counsel.

funds; an order enjoining Lopez from dissipation of assets; and a declaration of ownership or adjustment of ownership of their business interests.

A civil summons was served on Lopez on January 15, 2023. On May 12, 2023, Garcia filed an affidavit stating he had not been served with an answer to the complaint or with other responsive pleadings. He also filed motions for summary judgment and default judgment.

On May 30, 2023, Lopez, by and through counsel, filed a motion for extension of time to file an answer. The motion stated that Lopez "speaks limited English, cannot read English, and an interpreter is needed to discuss this matter with [Lopez]" and that Lopez "has a meritorious defense." On June 2, 2023, the circuit court entered an order denying Garcia's motion for summary judgment and the motion for default judgment and granting Lopez's motion to file a late answer. Lopez filed an answer on June 21, 2023.

On August 8, 2023, Garcia filed a motion to amend the complaint to add Mi Tierra Foods, LLC, Kentucky, and Ohio, as defendants. On August 26, 2023, Garcia served requests for admissions on Lopez.

Lopez agreed to the amendment of the complaint and the trial court entered an order to that effect on September 11, 2023. The amended complaint was filed on the same day. On October 10, 2023, Lopez filed an answer to the amended complaint.

On November 16, 2023, Garcia filed a renewed motion for summary judgment. The motion stated there had been no response to the request for admissions, and it sought to have them deemed admitted pursuant to Kentucky Rules of Civil Procedure (CR) 36.01(2).

On November 22, 2023, Lopez filed a response to the renewed motion for summary judgment stating: "Due to the language difference between the undersigned and [Lopez], she had a misunderstanding as to when the responses were due, but once she understood, she signed and returned the responses for filing." A copy of the responses was attached as an exhibit.

On December 18, 2023, the trial court entered an order denying the motion for summary judgment.

On January 12, 2024, Garcia moved for injunctive relief. In an attached affidavit, Garcia stated that he had requested many times that Lopez communicate with him concerning their business interests, to no avail. He stated that he had received a letter from the U.S. Department of Transportation ("DOT") setting forth the obligations and requirements for obtaining a DOT license for trucking. He did not know anything about this and assumed Lopez had made the application. He also received an assessment from the Ohio Department of Taxation for failure to file proper payroll reports or to pay taxes. He also received an email from a special agent of the Ohio Attorney General, seeking to collect

-4-

assessments he did not know about.  He requested the court to order Lopez to reveal her business activities, accounts, financial statements, and all matters involving Mi Tierra Foods, LLC, and sought an order to prevent her from engaging in further business activity.

On January 24, 2024, Lopez's attorney filed a motion to withdraw, stating that he and the defendant had discussed the matter and had come to an agreement that he was unable to continue to represent her in the case.  On January 29, 2024, the trial court entered an order granting the motion to withdraw.  It also granted Garcia's motion for injunctive relief and ordered the parties to share information, cooperate, and continue normal business operations.

Over two months later, on April 11, 2024, Garcia filed a motion asking the court:  to set a hearing for judgment, to hold Lopez in contempt, to impose sanctions, and to set a trial date.  The motion alleged that Lopez had ignored the January 29, 2024 injunctive order; ignored the interrogatories filed by Garcia on December 15, 2023; and failed to pick up the certified mail sent by counsel to her address.  The motion gave notice that it would be brought for a hearing on May 3, 2024. On May 3, 2024, with both parties present, a hearing date of May 31, 2024, was set.

On May 31, 2024,  the court called the case for the hearing.  Garcia was present with counsel, but neither Lopez nor any counsel representing her was

present. Repeated calls were made by the bailiff to no avail. Thus, the court proceeded to hold the hearing on the record with only Garcia and his counsel present. Following that hearing, the trial court entered findings of fact, conclusions of law, and judgment on June 11, 2024.

On June 18, 2024, new attorneys filed an entry of appearance for Lopez. On June 20, 2024, Lopez filed a motion to alter, amend, or vacate the June 11, 2024 judgment on the grounds of lack of notice and her lack of ability to speak English. The motion noted that the matter had come before the court for a hearing on May 31, 2024, that date having been set on May 3, 2024. The motion stated that there was never an order entered in writing setting a hearing for May 31, 2024, and that Lopez never received notice of the hearing. She was present at the May 3, 2024 hearing, but explained that she "is a natural Spanish speaker, and therefore would be unaware of what the Court would orally pronounce at the May 3, 2024 9:30 a.m. motion hour. She does not speak English fluently at all."

The motion also alleged that the court was without jurisdiction to entertain the April 11, 2024 motion, because the court had not entered a written order allowing Lopez's original attorney to withdraw, and the motion was improperly mailed only to Lopez.

Garcia filed a response to the motion stating that Lopez was in the courtroom on May 3, 2024, that she spoke fluently in English to Garcia's counsel,

and that she runs a restaurant and other businesses in Louisville and has filed many filings with the Secretary of State of Kentucky and Ohio. An attached affidavit from Garcia's counsel stated that Lopez spoke fluently to him in English in the courtroom on May 3, 2024.

The trial court denied the motion to alter, amend, or vacate, and this appeal by Lopez followed.

## ANALYSIS

Lopez argues the default judgment should be set aside for "good cause shown" as provided under CR 55.02 because she did not receive adequate notice of the May 31, 2024, hearing date. This Rule does not apply, however, because this was not a default judgment. CR 55.01 enables the court to grant a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules[.]" The record plainly shows that Lopez did plead and defend by filing an answer to the complaint and to the amended complaint and by responding to requests for admissions.

As explained in *Hoard v. Ocwen Loan Servicing, LLC*, 357 S.W.3d 917, 919 (Ky. App. 2011), "[a] trial court may properly enter a default judgment in two circumstances: (1) when a defendant does not appear at all; or (2) when a defendant who has appeared in the action fails to defend as the Rules require." Like the appellee in *Hoard*, Lopez "did not fail to plead because she filed an

answer" and "nothing in the record or from the trial court indicates that [her] answer was in any way deficient." *Id*. Accordingly, the trial court "could not have properly entered default judgment" against Lopez. *Id*.

Lopez argues that the judgment should be reversed because, "Lopez was provided *no notice* of the May 31, 2024, hearing." This statement is misleading **at best**. Lopez was, in fact, present on May 3, 2024, when the hearing date was set. While Lopez maintains that her lack of English proficiency meant she did not receive adequate notice, stating emphatically that she received *no notice* is misleading and a misrepresentation of the record. Further, there is nothing in the record to indicate that on May 3, 2024, she ever requested language assistance from the trial court. According to Garcia's response to Lopez's motion to alter, amend, or vacate, and the affidavit of Garcia's attorney, Lopez was present in the courtroom on May 3, 2024, and conversed fluently in English with Garcia's attorney.

There are no video recordings of any of the courtroom proceedings in the record on appeal. It is the appellant's duty to "provide the clerk of the trial court with a designation listing with specificity the dates on which official recordings were made for all pre-trial and post-trial proceedings necessary for inclusion in the record on appeal." Kentucky Rules of Appellate Procedure (RAP) 24(B)(1)(a). "Our precedent is clear. When an appellate court does not have a

complete record before it, that court *must* assume that the omitted portion supports the trial court's decision." *Commonwealth v. Woods*, 657 S.W.3d 902, 906-07 (Ky. 2022).

The trial court in this case afforded Lopez ample time and opportunity to participate in this litigation. In the absence of any evidence to the contrary in the appellate record, the trial court's refusal to alter, amend or vacate its judgment cannot be disturbed.

## **CONCLUSION**

For the foregoing reasons, we affirm the Boyd Circuit Court's Findings of Fact, Conclusions of Law, and Judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:

Brandon M. Music
Grayson, Kentucky

BRIEF FOR APPELLEE:

Dwight O. Bailey
Flatwoods, Kentucky